2000-NMCA-001

993 P.2d 767

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Marty LOPEZ, Defendant–Appellee.**

**No. 20,183.**

Court of Appeals of New Mexico.

Dec. 7, 1999.

Patricia A. Madrid, Attorney General, Ralph E. Trujillo, Assistant Attorney General, Santa Fe, for Appellant.

Phyllis H. Subin, Chief Public Defender, Nancy M. Hewitt, Assistant Appellate Defender, Santa Fe, for Appellee.

## OPINION

WECHSLER, Judge.

{1} Can a person who receives a deferred sentence for a felony conviction be convicted as a felon in possession of a firearm in violation of NMSA 1978, § 30–7–16 (1987) based on the dismissed charge? We conclude that Section 30–7–16 does not permit a felon in possession conviction under these circumstances and affirm the district court's granting of Defendant's motion to dismiss.

{2} Defendant was charged by grand jury indictment as a felon in possession of a firearm. Defendant had been convicted in 1994 of aggravated battery, a third degree felony. The district court deferred Defendant's sentence for eighteen months and subsequently dismissed the charge "with no ad-

judication by the Court." The district court dismissed the present case because Defendant was not a felon when the police arrested him for being a felon in possession of a firearm. The State appeals, arguing that Section 30–7–16 does not require proof that Defendant was sentenced for his felony conviction.

{3} Section 30–7–16 prohibits a felon from receiving, transporting, or possessing any firearm or destructive device in the state. *See* § 30–7–16(A). It defines "felon" as "a person who has been convicted in the preceding ten years by a court of the United States or of any state or political subdivision thereof to a sentence of death or one or more years imprisonment and has not been pardoned of the conviction by the appropriate authority." Section 30–7–16(C)(2). We interpret the statute by trying to discern and carry out the legislative intent. *See Cummings v. X–Ray Assocs. of N.M.,* 1996–NMSC–035, ¶ 44, 121 N.M. 821, 918 P.2d 1321; *Key v. Chrysler Motors Corp.,* 1996–NMSC–038, 121 N.M. 764, 768–69, 918 P.2d 350, 354–55. We undertake this effort by conducting a de novo review because statutory construction is a question of law. *See State v. Rowell,* 121 N.M. 111, 114, 908 P.2d 1379, 1382 (1995). The first place we look in our review of this case is the language of the statute to determine if it is clear and free of ambiguity. *See Key,* 1996–NMSC–038, 121 N.M. at 769, 918 P.2d at 355. If the statutory language conveys "a clear and definite meaning" when read in its entirety, we will construe it accordingly. *Id.; see also State v. Riddall,* 112 N.M. 78, 80, 811 P.2d 576, 578 (Ct.App.1991) ("In interpreting a statute, an appellate court is obligated to give the words used by the legislature their plain meaning.").

{4} When we examine the definition of "felon" in the felon in possession statute, we note an imperfection. The language defines a "person who has been convicted ... by a court ... *to a sentence* of death or one or more years imprisonment." Section 30–7–16(C)(2) (emphasis added). A court does not ordinarily convict a person to a sentence. Rather, it sentences a person who has been convicted. *See Padilla v.*

*State,* 90 N.M. 664, 666, 568 P.2d 190, 192 (1977). This imperfection does not, however, alter the plain language of Section 30–7–16(C)(2) that requires the State to prove both that a defendant was convicted and sentenced to death or a year or more imprisonment. *See Riddall,* 112 N.M. at 80, 811 P.2d at 578 (noting significance of plain meaning in statutory interpretation).

{5} According to the State, proof of the sentence is not required because a felon in possession should be defined in accordance with the definition of "felony" in the Criminal Code and Criminal Procedures Act. Those statutes define a "felony" as a crime "so designated by law or if upon conviction thereof a sentence of death or of imprisonment for a term of one year or more is authorized." NMSA 1978, § 30–1–6(A) (1963); *see also* NMSA 1978, § 31–1–2(D) (1979). We agree with the State that in our effort to give effect to the intent of the legislature, we read the provisions of the statute in question together with statutes pertaining to the same subject and seek to achieve a harmonious result. *See Quintana v. New Mexico Dep't of Corrections,* 100 N.M. 224, 225, 668 P.2d 1101, 1102 (1983); *State v. Mendoza,* 115 N.M. 772, 775, 858 P.2d 860, 863 (Ct.App.1993).

{6} But when we read the felon in possession of a firearm statute together with the Criminal Code and the Criminal Procedures Act, we discern no disharmony. The felon in possession statute defines a "felon" in terms of the historical facts of the sentence actually imposed. *See* § 30–7–16(C)(2). The Criminal Code and the Criminal Procedures Act define generally the type of crime that is a "felony" for which particular sentencing is authorized. *See* § 30–1–6(A); § 31–1–2(D).

{7} The felon in possession statute is also distinctly different from other statutes which the State argues are similar. *See, e.g.,* NMSA 1978, § 31–18–17 (1993) (habitual offender enhancement); NMSA 1978, § 9–2A–18(D) (1997) (convicted felon may not serve as correctional officer for Children, Youth and Families Department); NMSA 1978, § 14–12–2(D) (1981) (convicted felon may not be a notary public); NMSA 1978, § 29–2–

6(A)(4) (1998) (convicted felon cannot be a member of the state police); NMSA 1978, §§ 29–16–3(D) and 29–16–6 (1997) (convicted felon must provide DNA sample to DNA Identification System); NMSA 1978, § 38–5–1 (1991) (convicted felon may not serve as a juror); NMSA 1978, § 60–6B–1(A) (1993) (convicted felon may not hold a liquor license). Each of these statutes refers specifically to a person convicted of a felony rather than to the sentence imposed. We cannot render meaningless the felon in possession statute's plain language requiring the imposition of a sentence in its definition. *See State v. Johnson*, 1998–NMCA–019, ¶ 22, 124 N.M. 647, 954 P.2d 79 (stating that court of appeals will reject interpretation of statute that makes parts of statute "mere surplusage or meaningless").

{8} The felon in possession statute is distinctly different from these other statutes because it is specifically tailored to meet its particular criminal prohibition. When the legislature provides a specific definition within a statute establishing a crime, we understand the legislature to mean that the specific definition controls for the purpose of that crime. *See Cromer v. J.W. Jones Constr. Co.*, 79 N.M. 179, 184, 441 P.2d 219, 224 (Ct.App.1968) (stating that specific statutory provision concerning particular subject matter prevails over general provision), *overruled on other grounds by Schiller v. Southwest Air Rangers. Inc.*, 87 N.M. 476, 478, 535 P.2d 1327, 1329 (1975); *see also Saadiq v. State*, 387 N.W.2d 315, 319–20 (Iowa 1986) (explaining that as between the general definition of a "felony" and the definition of a "felony" provided in the felon in possession of a firearm statute, the latter controls in a prosecution for possession of a firearm by a felon).

{9} Nor can we agree with the State's contention that the January 1, 1999 amendment to UJI 14–701 NMRA 1999 strengthens its position. At the time of the alleged of-fense, the uniform jury instruction required only that the jury find that Defendant had been convicted of the felony within the preceding ten years. *See* UJI 14–701 NMRA 1998 (effective January 1, 1999). Our Court revised the instruction to require that a defendant be sentenced to one or more years imprisonment for the conviction. *See* UJI 14–701 NMRA 1999. The Supreme Court did not amend the instruction in response to a legislative change to Section 30–7–16. Thus, we interpret the Supreme Court action to be an effort to improve the instruction's statement of the statute as it existed at the time of the alleged offense.

{10} Our sentencing statutes enable the district court to defer the sentence of a convicted felon, order probation, and dismiss the criminal charges upon completion of the deferment. *See* NMSA 1978, §§ 31–20–3 to 31–20–9 (1977 as amended through 1988). No sentence is imposed when the court defers sentencing and subsequently dismisses the charges. *See State v. Kenneman*, 98 N.M. 794, 796, 653 P.2d 170, 172 (Ct.App.1982). Under the plain import of the felon in possession statute, a felon is one who is convicted and receives a sentence of death or one or more years imprisonment. Because Defendant did not receive such a sentence, he was not a "felon" for the purposes of the statute.

{11} We affirm the district court's grant of Defendant's motion to dismiss.

{12} **IT IS SO ORDERED.**

PICKARD, C.J., and SUTIN, J., concur.