2001-NMCA-031

24 P.3d 334

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Ruby GUERRA, Defendant–Appellant.**

**No. 21,079.**

Court of Appeals of New Mexico.

March 27, 2001.

Certiorari Denied No. 26,906,
May 23, 2001.

and tampering with evidence. After finding Defendant non-amenable to rehabilitation in juvenile facilities and ineligible for commitment to an institution pursuant to NMSA 1978, § 32A–2–20 (1996), the trial court imposed an adult sentence. The court then increased Defendant's basic sentence under NMSA 1978, § 31–18–15.1 (1993), after finding aggravating circumstances.

{2} Defendant raises four issues on appeal: (1) whether the Delinquency Act gives a trial court authority to increase the basic adult sentence for aggravating circumstances as applied to a youthful offender pursuant to Section 32A–2–20; (2) whether the aggravation of Defendant's sentence under Section 31–18–15.1 after a finding of non-amenability under Section 32A–2–20 violates the constitutional protections against double jeopardy; (3) whether an increase in a basic sentence under Section 31–18–15.1 is unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), unless the findings of aggravating circumstances are made by a jury beyond a reasonable doubt; and (4) whether the imposition of an adult sentence under Section 32A–2–20 is imposition of an increased sentence and unconstitutional under *Apprendi,* unless the findings required by Subsection 32A–2–20(B) are made by a jury beyond a reasonable doubt.

{3} We hold that the maximum sentence that may be imposed upon a youthful offender convicted of a non-capital felony is the basic sentence prescribed by NMSA 1978, Section 31–18–15 (1999) plus any enhancements specifically made applicable to youthful offenders by the Legislature. *See* NMSA 1978, §§ 31–18–16, 31–18–16.1 (1993). It is therefore unnecessary for us to address Defendant's second and third issues. We recently decided Defendant's fourth issue in *State v. Gonzales,* 2001–NMCA–025, 130 N.M. 341, 24 P.3d 776, in which we held that *Apprendi* does not apply to Section 32A–2–20, and *Gonzales* is dispositive. We therefore reverse and remand for resentencing.

Patricia A. Madrid, Attorney General, Patricia Gandert, Assistant Attorney General, Santa Fe, NM, for Appellee.

Phyllis H. Subin, Chief Public Defender, Jennifer R. Albright, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

PICKARD, Judge.

{1} This case presents us with the opportunity to clarify the limits on a trial court's discretion in sentencing a youthful offender as an adult. Defendant, a fourteen-year-old child, entered a plea pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to second degree murder

**Facts and Procedural History**

{4} On August 14, 1998, Defendant was involved in a fight with several other juvenile girls and two adult males. During the altercation, Defendant fatally stabbed Victim, a thirteen-year-old girl. After leaving the scene, Defendant showered and hid the knife used to kill Victim as well as the shirt Defendant had been wearing during the attack. At the time of the murder, Defendant was fourteen years old.

{5} Defendant was charged with an open count of murder and two counts of tampering with evidence. The State filed a notice of intent to invoke adult sanctions as required by Subsection 32A–2–20(A), and a notice of intent to seek an aggravation of any adult sentence under Section 31–18–15.1. Pursuant to *Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162, Defendant entered a plea to one count of second degree murder, contrary to NMSA 1978, § 30–2–1(B) (1994), and one count of tampering with evidence, contrary to NMSA 1978, § 30–22–5 (1963). At the dispositional hearing, the trial court found that Defendant was neither amenable to treatment or rehabilitation as a child in available facilities nor eligible for commitment to an institution for the developmentally disabled or mentally disordered. *See* § 32A–2–20(B). The court then sentenced Defendant to the basic fifteen-year sentence for a second degree felony resulting in the death of a human being, *see* § 31–18–15(A)(2), plus five years for aggravating circumstances under Section 31–18–15.1, for a total of twenty years' imprisonment. The court sentenced Defendant to the basic eighteen-month sentence for the fourth degree felony of tampering with evidence. *See* § 31–18–15(A)(6).

**Discussion**

{6} The issue before us is whether the trial court had the authority to aggravate Defendant's sentence under Section 31–18–15.1. Because a trial court's power to sentence is derived exclusively from statute, *see State v. Martinez*, 1998–NMSC–023, ¶ 12, 126 N.M. 39, 966 P.2d 747, resolution of this issue requires us to interpret provisions of the Delinquency Act, NMSA 1978, §§ 32A–2–1 through –33 (1993, as amended through

1996), and the Criminal Sentencing Act, NMSA 1978, §§ 31–18–12 through –26 (1977, as amended through 1999). Issues of statutory construction and interpretation are questions of law and are reviewed de novo. *See State v. Herbstman*, 1999–NMCA–014, ¶ 16, 126 N.M. 683, 974 P.2d 177; *State v. Adam M.*, 1998–NMCA–014, ¶ 15, 124 N.M. 505, 953 P.2d 40.

{7} Our primary goal in interpreting statutes is to give effect to the Legislature's intent. *See Martinez*, 126 N.M. 39, 966 P.2d 747, 1998–NMSC–023, ¶ 8. When possible, we give effect to the clear and unambiguous language of a statute. *See State v. Adam M.*, 2000–NMCA–049, ¶ 5, 129 N.M. 146, 2 P.3d 883. We read the provisions of a statute "together with statutes pertaining to the same subject and seek to achieve a harmonious result." *State v. Lopez*, 2000–NMCA–001, ¶ 5, 128 N.M. 450, 993 P.2d 767; *see also Key v. Chrysler Motors Corp.*, 121 N.M. 764, 769, 918 P.2d 350, 355 (1996).

{8} The Children's Code defines a youthful offender as (1) a child fourteen to eighteen years of age who has been adjudicated guilty of any one of twelve enumerated violent felonies or guilty of any felony and who has had three prior, separate felony adjudications within the three-year period immediately preceding the instant offense, or (2) a fourteen-year-old child who is adjudicated guilty of first degree murder. *See* § 32A–2–3(I); *see also* § 31–18–15.2(B) (providing identical definition of "youthful offender" within Criminal Sentencing Act). Under Section 32A–2–20(B)(1) and (2) of the Children's Code, a court has the discretion to sentence a youthful offender as an adult only if it finds that "the child is not amenable to treatment or rehabilitation as a child in available facilities," and "the child is not eligible for commitment to an institution for the developmentally disabled or mentally disordered." If the court makes these findings, it may impose either juvenile or adult sanctions. *See* § 32A–2–20(A). Section 32A–2–20(D) provides that:

> If the court invokes an adult sentence, the court may sentence the child to less than, but shall not exceed, the mandatory

adult sentence. A youthful offender given an adult sentence shall be treated as an adult offender and shall be transferred to the legal custody of an agency responsible for incarceration of persons sentenced to adult sentences. This transfer terminates the jurisdiction of the [children's] court over the child with respect to the delinquent acts alleged in the petition.

{9} The State argues that the second sentence of § 32A–2–20(D), when read in *pari materia* with Section 31–18–15.2 (defining youthful offender in Criminal Sentencing Act), evinces a legislative intent that a youthful offender subject to adult sanctions be sentenced pursuant to the provisions of the Criminal Sentencing Act without reference to the Children's Code. Under the State's reasoning, since adult offenders are subject to the possibility of an increased sentence when a court finds aggravating circumstances, youthful offenders should be treated no differently. *See* §§ 31–18–15(B); 31–18–15.1.

{10} The State's argument, however, is contrary to our understanding of the Children's Code and rests on the misconception that the Criminal Sentencing Act rather than the Children's Code defines the scope of a court's authority to sentence a youthful offender as an adult. Because Defendant was fourteen years old at the time of the offense, she is entitled to the exclusive jurisdiction of the Children's Court. *See* § 32A–2–6 (stating that, with the exception of children categorized as serious youthful offenders, children's court has exclusive jurisdiction over all children under the age of eighteen years). This exclusive jurisdiction continues through sentencing until it is terminated by the transfer of Defendant to a correctional facility. *See* § 32A–2–20(D). Therefore, we must look to the Children's Code to determine the scope of a trial court's authority to impose adult sanctions on a youthful offender, and we may not consider Sections 31–18–15(B) and 31–18–15.1 of the Criminal Sentencing Act in isolation. *See Lopez*, 128 N.M. 450, 993 P.2d 767, 2000–NMCA–001, ¶ 5 (stating that statutes addressing similar subjects must be read together).

{11} Under 32A–2–20(D), a trial court's authority to sentence a youthful offender as an adult is limited to imposing a sentence less than or equal to the "mandatory" adult sentence. This authority is confirmed by Section 31–18–13(A) of the Criminal Sentencing Act, which, seeming to equate basic and mandatory sentences, provides:

> Unless otherwise provided in this section, all persons convicted of a crime under the laws of New Mexico shall be sentenced in accordance with the provisions of the Criminal Sentencing Act [Chapter 31, Article 18 NMSA 1978]; *provided, that a person sentenced as a serious youthful offender or as a youthful offender may be sentenced to less than the basic or mandatory sentence prescribed by the Criminal Sentencing Act.*

(Emphasis added.) The issue presented by this case, therefore, is whether the basic sentence for a non-capital felony as authorized by Section 31–18–13 and prescribed by Section 31–18–15 is a "mandatory" sentence within the meaning of Subsection 32A–2–20(D).

{12} Under Section 31–18–15(B), the basic sentence applicable to a felony offense "shall be imposed ... unless the court alters such sentence pursuant to the provisions of Section 31–18–15.1, 31–18–16, 31–18–16.1 or 31–18–17 NMSA 1978." Sections 31–18–16 and 31–18–16.1 describe sentencing enhancements that are mandatory for adult offenders, but discretionary for youthful offenders and serious youthful offenders. *See* § 31–18–16(A) (requiring that a basic sentence of imprisonment be increased if a court or jury finds that a firearm was used in the commission of a noncapital felony, but providing that such increase be left to the court's discretion in sentencing a youthful offender or serious youthful offender); § 31–18–16.1 (describing similar sentence increases after a finding that a defendant intentionally injured a person sixty years of age or older). Section 31–18–17 describes the mandatory penalties for habitual offenders and is not applicable to youthful offenders.

{13} Subsection 31–18–15.1(A) provides that a court "may alter the basic sentence as prescribed in Section 31–18–15 NMSA 1978 upon a finding by the judge of any mitigating or aggravating circumstances surrounding

the offense or concerning the offender." Subsection 31–18–15.1(C) limits the court's discretion to increases or decreases that are no greater than "one-third of the basic sentence; provided, that when the offender is a serious youthful offender or a youthful offender, the judge may reduce the sentence by more than one-third of the basic sentence."

{14} The word "shall" as used in a statute is generally construed to be mandatory. *See State v. Jody C.*, 113 N.M. 80, 82, 823 P.2d 322, 324 (Ct.App.1991). "Where the terms 'shall' and 'may' have been juxtaposed in the same statute, ordinarily it must be concluded that the legislature was aware of and intended different meanings." *Thriftway Marketing Corp. v. State*, 114 N.M. 578, 579, 844 P.2d 828, 829 (Ct.App.1992).

{15} We conclude that the basic sentences prescribed by Section 31–18–15 are "mandatory" within the meaning of 32A–2–20(D), while the alterations in the basic sentences allowed by 31–18–15.1 are discretionary and therefore circumscribed by the Children's Code. *See* § 32A–2–20(D). Our conclusion is based on the Legislature's use of the phrases "shall be imposed" or "shall be increased" in Sections 31–18–15, –16, –16.1 and –17, contrasted with use of the phrase "may alter" in Section 31–18–15.1. *See Thriftway*, 114 N.M. at 579, 844 P.2d at 829. The basic sentence prescribed by Section 31–18–15 is the maximum sentence to which a youthful offender may be sentenced, unless a trial court exercises discretion to impose the mandatory-for-adults sentence enhancements made discretionarily applicable to youthful offenders under Sections 31–18–16 and 31–18–16.1. Under Section 31–18–15.1, a trial court may not increase the basic sentence, but has full discretion to reduce the sentence as appropriate, taking into account the youthful offender's "age, education, mental and physical condition, background and all other relevant factors." Section 32A–2–2(A) (explaining purpose of Delinquency Act).

{16} Even if we are incorrect in our statutory interpretation based on the words of the statute, at the very least, the use of the word "mandatory" in Section 32A–2–20(D) creates an ambiguity because there are no "mandatory" sentences that apply to juveniles and the basic sentence is in no sense "mandatory" for adults. *See* NMSA 1978, § 31–20–3(A) (1985) (permitting a court to defer sentence). Thus, we may use the rule of lenity to further support our conclusion. *See State v. Anaya*, 1997 NMSC 010, ¶¶ 30–32, 123 N.M. 14, 933 P.2d 223; *Swafford v. State*, 112 N.M. 3, 16, 810 P.2d 1223, 1236 (1991) ("When it cannot be said with certainty that the legislature intended to authorize the imposition of an enhanced sentence under particular circumstances, as a corollary to the rule that criminal statutes must be sufficiently clear and definite to inform a person of ordinary intelligence what conduct is punishable, *State v. Prince*, 52 N.M. 15, 18, 189 P.2d 993, 995 (1948), we presume that the legislature did not so intend.").

## Conclusion

{17} For the reasons discussed above, we hold that the maximum sentence that may be imposed upon a youthful offender convicted of a non-capital felony is the basic sentence prescribed by Section 31–18–15, plus, if applicable, the enhancements prescribed by Sections 31–18–16 and 31–18–16.1. We vacate Defendant's sentence and remand to the district court for proceedings consistent with this opinion.

{18} **IT IS SO ORDERED.**

WE CONCUR: RICHARD C. BOSSON, Chief Judge, MICHAEL D. BUSTAMANTE, Judge.