2004-NMCA-106

96 P.3d 805

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Joel LESLIE, Defendant–Appellant.**

**State of New Mexico, Plaintiff–Appellee,**

v.

**Josh Holmes, Defendant–Appellant.**

**Nos. 24,268, 24,202.**

Court of Appeals of New Mexico.

June 30, 2004.

Patricia A. Madrid, Attorney General, Margaret McLean, Assistant Attorney General, Santa Fe, for Appellees.

John B. Bigelow, Chief Public Defender, Kathleen T. Baldridge, (Docket No. 24,268), Cordelia A. Friedman, (Docket No. 24,202), Assistant Appellate Defenders, Santa Fe, for Appellants.

*OPINION*

FRY, J.

{1} Defendant Joel Leslie appeals his sentence following an admittedly valid revocation of probation. He raises a single legal issue: whether the trial court erred in failing to give him credit for time served while on probation after a conditional discharge. Appealing from a factually unrelated case, Defendant Josh Holmes raises the identical legal issue. In both cases the State concedes that Defendants were entitled to credit for time served on probation. On this Court's own motion, we consolidate the two cases and reverse.

BACKGROUND

{2} Leslie pleaded no contest to a third-degree felony. The trial court subsequently entered an order of conditional discharge and placed Leslie on three years supervised probation. Several months later Leslie was charged with violating his probation condi-

tions, to which he pleaded no contest. The sentencing hearing for his probation violation resulted in a deferred sentence of three years. In imposing the three-year sentence, the trial court gave Leslie no credit for the time he had already served on probation pursuant to the conditional discharge.

{3} Holmes pleaded no contest to a fourth-degree felony, and the trial court entered an order of conditional discharge providing for eighteen months of supervised probation. Holmes subsequently admitted to charges that he violated his probation conditions, and the trial court imposed a deferred sentence with no credit for the time Holmes had already served on probation pursuant to the conditional discharge.

{4} Defendants appealed. The State concedes that Defendants were entitled to credit for time served on probation following conditional discharge. We are not bound by the State's concession. *See State v. Muniz,* 2003–NMSC–021, ¶ 5, 134 N.M. 152, 74 P.3d 86. In this case, however, we agree with the parties. Nevertheless, rather than enter a simple order reversing with no discussion of the merits, we issue this opinion in order to provide guidance in future cases.

## DISCUSSION

■ {5} These cases turn on statutory construction, which we consider de novo on appeal. *State v. Fairbanks,* 2004–NMCA–005, ¶ 5, 134 N.M. 783, 82 P.3d 954. Our statutory scheme demonstrates the legislature's intent that a defendant receive credit for time served on supervised probation under the terms of a conditional discharge.

{6} Both Defendants received a conditional discharge pursuant to NMSA 1978, § 31–20–13(A) (1994), which provides that where a defendant is found guilty of a first-time felony for which a deferred or suspended sentence is statutorily authorized, the trial court may, "without entering an adjudication of guilt, enter a conditional discharge order and place the person on probation on terms and conditions authorized by Sections 31–20–5 and 31–20–6 NMSA 1978." Thus, the conditional discharge statute provides an exception for certain first-time felons whose convictions meet requirements in addition to the

eligibility requirements for a deferred or suspended sentence.

{7} As directed by Section 31–20–13, we next turn to NMSA 1978, §§ 31–20–5 (2003) and 31–20–6 (1997). The former provides that where a defendant receives a deferred or suspended sentence, the court must order probation; the latter directs that the court must impose conditions upon a deferred or suspended sentence to ensure that the defendant abides by the law. In other words, a deferred or suspended sentence always entails mandatory probation with conditions attached.

{8} Finally, we look to NMSA 1978, § 31–21–15(B) (1989), which sets out the sentencing court's authority upon a defendant's violation of probation:

The court shall then hold a hearing, which may be informal, on the violation charged. If the violation is established, the court may continue the original probation, revoke the probation and either order a new probation with any condition provided for in Section 31–20–5 or 31–20–6 NMSA 1978, or require the probationer to serve the balance of the sentence imposed or any lesser sentence. If imposition of sentence was deferred, the court may impose any sentence which might originally have been imposed, but *credit shall be given for time served on probation.*

(Emphasis added.) The statutory language unambiguously mandates credit for time served on probation in the case of a defendant whose initial sentence was deferred. *See State v. Guerra,* 2001–NMCA–031, ¶ 14, 130 N.M. 302, 24 P.3d 334 (stating that "shall" is construed to be mandatory); *see also State v. Kenneman,* 98 N.M. 794, 798, 653 P.2d 170, 174 (Ct.App.1982) (holding that where the defendant violates probation while serving a deferred sentence, the statute requires the trial court to grant credit for time served).

{9} This same language controls the sentencing of a defendant who received a conditional discharge instead of a deferred sentence. The conditional discharge statute expressly incorporates the probation statutes, Sections 31–20–5 and –6, that apply to a person serving a deferred sentence.

§ 31–20–13(A). The terms of probation are defined by the same statutes, and thus the probation violation must be handled in the same manner, as prescribed in Section 31–21–15. *See Guerra,* 2001–NMCA–031, ¶ 7, 130 N.M. 302, 24 P.3d 334 (holding that statutes on the same topic should be read together to achieve a harmonious result). Section 31–21–15(B) mandates credit for time served, the only exception being where a defendant is a "fugitive from justice" as defined in subsection (C), which is not relevant to these cases. Consequently, Defendants were entitled to credit for time served on probation just as they would have been if their probation had been revoked while serving a deferred sentence.

{10} Although Section 31.21–15(B) refers only to a deferred sentence and not to a conditional discharge, we note that a person who is eligible to receive a conditional discharge is by definition one who is entitled to a deferred sentence. § 31–20–13(A). "The legislature enacted the conditional discharge statute as an alternative to a suspended or deferred sentence" for persons with no previous felony convictions. *State v. Herbstman,* 1999–NMCA–014, ¶ 11, 126 N.M. 683, 974 P.2d 177. We consider the conditional discharge statute and the statute requiring credit for time served on probation within the overall sentencing scheme. *See State v. Adam M.,* 2000–NMCA–049, ¶ 6, 129 N.M. 146, 2 P.3d 883 (holding that reviewing court considers related statutes as a whole in order to achieve a harmonious result). Thus, we will not read into the statutes a legislative intent to treat defendants who are eligible for conditional discharge (the alternative to a deferred sentence) more harshly than those defendants who are eligible for a deferred sentence.

## CONCLUSION

{11} We reverse Defendants' sentences and remand for re-sentencing consistent with this opinion.

{12} **IT IS SO ORDERED.**

JAMES J. WECHSLER, C.J. and JONATHAN B. SUTIN, J., concur.