**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: _____**

**Filing Date: March 27, 2014**

**Docket No. 32,325**

**STATE OF NEW MEXICO,**

      **Plaintiff-Appellee,**

**v.**

**GUILLERMO HINOJOS,**

      **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Angela J. Jewell, Pro Tem District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Steven J. Forsberg, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**GARCIA, Judge.**

**{1}**    Defendant appeals from a nunc pro tunc order filed by the district court that reinstated his probation. The district court determined that Defendant neither violated the terms of his probation nor was a fugitive for purposes of probation supervision. It nonetheless tolled Defendant's term of probation during the period of time that Defendant was released to another jurisdiction and then incarcerated outside of the State of New Mexico. Since Defendant's probation was improperly tolled, resulting in Defendant not

1

being credited for time served on probation, we conclude that his term of probation had expired, and the district court did not have jurisdiction to reinstate Defendant's probation.

**BACKGROUND**

**{2}** The facts of this case are undisputed. On June 6, 2007, Defendant received a consolidated sentence for his convictions in two cases. Defendant was sentenced to a term of imprisonment for 965 days and given credit for the 965 days already served in pre-sentence confinement. He also received a partially suspended sentence of seven years and two months and was placed on supervised probation for a term of five years. After his sentence was imposed, but before he was released from custody or had an opportunity to meet with probation authorities, Defendant was extradited to the State of Texas. Texas dropped the charges against Defendant, but continued to hold him in custody until he was extradited to the State of Colorado. Defendant was then imprisoned in Colorado for four years based on a probation violation from a 1996 case. Upon finishing his prison term in Colorado, Defendant was once again extradited back to New Mexico and remained in custody until he appeared before the court. During this entire period of time, Defendant was continuously either in custody or incarcerated by New Mexico, Texas, or Colorado authorities.

**{3}** As a result of his uninterrupted incarceration in three states, Defendant was never able to report to probation authorities in New Mexico. The probation officer assigned to Defendant's case heard that Defendant had been sent to Texas on an immigration hold, so she contacted customs and immigration officials (ICE) in Albuquerque and El Paso to verify this information. Neither ICE office reported that it had any record of Defendant. The probation officer did not conduct a further investigation before she concluded that Defendant's whereabouts were unknown and that he was an absconder. As a result, the State filed a motion to revoke Defendant's probation and a bench warrant was issued for Defendant's arrest. When Defendant was returned to New Mexico custody in March 2012, the bench warrant was cancelled and the reason stated for cancellation was identified as, Defendant "has been arrested by [unknown]."

**{4}** Shortly after his return to New Mexico, the district court held a probation violation hearing on the State's motion to revoke probation. Following argument, the district court refused to find that Defendant had violated his conditions of probation "when he was never able to walk to the [probation] office." The court explained, "I can't in good conscience find a violation of probation. I don't know if that means we still have a term of probation, because he's never done it. I think we still have it, but I can't sanction him for violating it." In its oral ruling, the court declared that Defendant was not an absconder or a fugitive but, because of circumstances beyond his control, "he was never able to honor the plea . . . and enter his probationary period." No written order was issued prior to June 6, 2012, the expiration date of Defendant's original five-year term of probation.

**{5}** On July 11, 2012, Defendant was brought back into court for an alleged probation

2

violation motion. At that time, the State presented the district court with a retroactive order reinstating probation. The district court signed the order, but added the handwritten designation "nunc pro tunc." The order was filed on July 17, 2012. It stated that Defendant did not violate the terms of his probation and was not a fugitive, but he nonetheless still owed the State the remaining term of his probation beginning from the date of his extradition. Defendant timely appealed the reinstatement of his probationary term.

**STANDARD OF REVIEW**

**{6}** "This case presents no factual dispute for us to review, and we must only determine whether the district court correctly interpreted and applied the law. We review issues of statutory and constitutional interpretation de novo." *State v. Ordunez*, 2012-NMSC-024, ¶ 6, 283 P.3d 282 (internal quotation marks and citation omitted).

**DISCUSSION**

**{7}** On appeal, Defendant claims that the district court wrongfully deprived him of probation credit by tolling the start of his probation until his return to New Mexico. Defendant asserts that probation was originally imposed at sentencing on June 6, 2007. *See State v. Jimenez*, 2004-NMSC-012, ¶ 12, 135 N.M. 442, 90 P.3d 461 ("[The d]efendant was constructively on probation from the date of his sentencing."). He contends that his release to Texas, without his removal from custody, could not and did not stop the running of the sentence and probationary term that was imposed upon him by New Mexico. Consequently, Defendant maintains that the district court was without jurisdiction to modify his probation after his original term of probation expired on June 7, 2012. *See* NMSA 1978, § 31-20-8 (1977); *State v. Trujillo*, 2007-NMSC-017, ¶ 8, 141 N.M. 451, 157 P.3d 16. We agree.

**{8}** The State concedes that Defendant is entitled to credit for any time spent on probation, but argues that Defendant's extradition to Texas tolled Defendant's sentence by preventing him from starting probation. The State therefore asserts that the district court's nunc pro tunc order did not impose a new term of probation, but instead only acted to restart the running of credit toward Defendant's original term of probation. The State's argument essentially concedes that probation was imposed, effective upon the entry of sentence, but counters that Defendant's extradition acted to toll and prevent the earning of credit toward his probationary term. This argument is not well taken and is inconsistent with the State's own actions undertaken in this case. Recognizing that Defendant's probationary term was running, the State took specific action regarding Defendant's failure to report for probation; it secured a warrant, it proceeded on a motion to have probation revoked, and it effectuated extradition from Colorado based upon a violation of probation. These actions are all anomalous and inappropriate if probation was tolled during the time Defendant was extradited to Texas and Colorado.

**{9}** The State's argument also fails the test of simple logic. First, both the district court and the State concede that Defendant is entitled to some time spent on probation post-

3

sentencing until the date of extradition and additional time served in custody after his return from Colorado. Defendant was not found to be a fugitive or an absconder from probation. *See* NMSA 1978, § 31-21-15(B), (C) (1989). The district court imposed probation and granted credit for time served on probation but then refused to give credit for a select portion of the probationary term on the theory that probation never actually started. Simple logic compels the conclusion that Defendant's term of probation was imposed, commenced, and continuously served in the custody of various state authorities from the date of sentencing. *See State v. Sublett*, 1968-NMCA-001, ¶ 19, 78 N.M. 655, 436 P.2d 515 ("[The] defendant was released without imprisonment under a suspended sentence and subject to conditions. At the time of such release, [the] defendant was on 'probation' as that word is used in the Probation and Parole Act."). While this logical analysis appears clear, we must still address the State's argument that the district court's nunc pro tunc order tolled and reinstated the original term of probation.

**{10}** The critical question is whether Defendant is entitled to credit for the time he was in custody or incarcerated out of state. Despite the State's actions to the contrary, we must determine whether Defendant's extradition to Texas and Colorado requires a tolling of his probation until his eventual return to New Mexico.

**{11}** A district court is permitted to toll a probationer's sentence only under the limited circumstance where a probationer's voluntary or wrongful actions caused him to be outside of the court's control and probation supervision. *See* § 31-21-15(B), (C); *State v. Apache*, 1986-NMCA-051, ¶ 10, 104 N.M. 290, 720 P.2d 709 ("Section 31-21-15(C) effectively permits the probationary term to be tolled whenever a probationer has absconded from supervision and it is found that a warrant for the return of a probationer cannot be served." (internal quotation marks and citation omitted)). The absconding probationer is denied credit for that portion of his probation where the court determines that the defendant was a fugitive. *State v. Neal*, 2007-NMCA-086, ¶ 30, 142 N.M. 487, 167 P.3d 935; *State v. McDonald*, 1991-NMCA-132, ¶¶ 16, 22, 113 N.M. 305, 825 P.2d 238 (holding that a defendant who absconds to another jurisdiction is "a fugitive within the meaning of Section 31-21-15(C) if he cannot be taken into actual custody and brought before the court pursuant to the arrest warrant"). "The [s]tate bears the burden of proving that the defendant is a fugitive." *Neal*, 2007-NMCA-086, ¶ 30.

**{12}** The State relies exclusively upon *McDonald* to assert that Defendant was in fact a fugitive because he could not have been served with a warrant while incarcerated in a foreign jurisdiction. 1991-NMCA-132, ¶¶ 14-18. While it may be true that a warrant for Defendant could not have been served while he was incarcerated in Colorado, the record below and the briefing on appeal fail to identify any reasonable efforts taken on the part of the State to locate Defendant and issue such a warrant. *See Jimenez*, 2004-NMSC-012, ¶ 8; *Neal*, 2007-NMCA-086, ¶ 29. Defendant's probation officer's two conversations were with federal ICE officials in Albuquerque and El Paso based upon a rumor that Defendant had been sent to Texas on an immigration hold. Given the undisputed fact that the State directly transferred Defendant to Texas for further prosecution, its efforts to subsequently locate Defendant

4

cannot be recognized as diligent. Even if service of a warrant would have been futile due to his out of state incarceration, Defendant could not be found to be a fugitive when no reasonable efforts were made to discover his location before or after a warrant was issued.

**{13}** Even greater significance must be assigned to the fact that Defendant was voluntarily surrendered from the custody and physical control of this State directly to the custody and physical control of another state. *See* NMSA 1978, § 31-4-19 (1937) ("If a criminal prosecution has been instituted against such person under the laws of this state and is still pending, the governor, in his discretion, either may surrender him on demand of the executive authority of another state or hold him until he has been tried and discharged or convicted and punished in this state."). It cannot be said that a probationer absconded to another jurisdiction where the State, although free to retain custody of Defendant until the completion of probation, chose not to do so and instead transferred custody to another state. The holding in *McDonald* is, therefore, inapplicable to the factual circumstances in this case. *See* 1991-NMCA-132, ¶ 22 (explaining that this Court was expressly limiting our holding to a specific factual scenario "where a defendant *absconds* to another jurisdiction, commits a crime there, and, as a result, is ultimately incarcerated there" (emphasis added)). Defendant here did not have the opportunity to flee to another jurisdiction or otherwise abscond from the supervision of New Mexico authorities. Substantial evidence supports the district court's determination that Defendant was not a fugitive. *See Jimenez*, 2004-NMSC-012, ¶ 14 ("On appeal, the district court's decision regarding whether the defendant is entitled to credit or is instead a fugitive will be affirmed only if the decision is supported by substantial evidence.").

**{14}** Probation is imposed as a substitute for incarceration. *See State v. Baca*, 1977-NMCA-030, ¶ 10, 90 N.M. 280, 562 P.2d 841. It ameliorates punishment by permitting the offender to serve his sentence outside of the prison walls. *See id.* Yet Defendant in this case was not permitted to serve any portion of his probation outside prison walls. Instead, he endured the duration of his sentence while in continuous custody. It is uncontroverted that once probation was in effect, Defendant did not himself commit any act to flee or abscond from custody. *See Apache*, 1986-NMCA-051, ¶ 10 (explaining that the obvious intent of Section 31-21-15(C) is to toll the probationary period for probation violators). Defendant's location may have changed, but his status as an incarcerated prisoner did not. Consequently, Defendant was entitled to credit for probation throughout the time he was in custody in Texas and incarcerated in Colorado. *See State v. Leslie*, 2004-NMCA-106, ¶ 9, 136 N.M. 244, 96 P.3d 805 ("Section 31-21-15(B) mandates credit for time served, the only exception being where a defendant is a 'fugitive from justice' as defined in [S]ubsection (C)[.]"). It would be inconsistent to impose an additional period of supervised probation after Defendant was already subjected to the strong grasp of the law through incarceration, especially where the State intentionally transferred Defendant to serve the balance of his sentence in a foreign jurisdiction. The district court erred when it recognized a tolling of Defendant's term of probation where the State intentionally transferred him to the custody of another jurisdiction and he was neither a fugitive nor an absconder from probation at any time.

**CONCLUSION**

**{15}** Defendant's term of probation was satisfactorily completed on June 7, 2012, at which time it was beyond the power of the district court to revoke or otherwise alter his term of probation. *See Ordunez*, 2012-NMSC-024, ¶ 9. We therefore reverse the district court's nunc pro tunc order reimposing Defendant's suspended sentence. We remand this matter to the district court to give Defendant a satisfactory discharge from probation and recognize the completion of his underlying suspended sentence.

**{16}    IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**M. MONICA ZAMORA, Judge**