(No. 1584, April 28, 1914)

STATE OF NEW MEXICO, on the Relation of Charles Scotillo and John Nizzi, composing the firm of Scotillo & Nizzi, a partnership, Appellees, vs. WATER SUPPLY COMPANY of Albuquerque, a corporation, Appellant.

SYLLABUS BY THE COURT.

1. The owner of a municipal utility, whether a private party, or the municipality, may prescribe and enforce such rules and regulations for its convenience and security as are reasonable and just and refuse to furnish water or other ply with the same.

P. 30

2. The right of a municipality, operating a municipal utility, to make and enforce reasonable rules and regulations is exactly the same as that of a private corporation.

P. 31

3. A rule which provides for shutting off the supply of water from the person who contracted for and received the water, in default of payment for the same, is just and reasonable and may be enforced by the company, where there is no dispute as to the amount owing, or the water was not furnished for some other place or residence, or for a separate and distinct transaction from that for which he is claiming and demanding a water supply.

P. 31

4. In the absence of a statute, or an ordinance enacted under authority of a statute, making a charge for water

supplied a lien upon the land or premises for unpaid dues, or which uses words equivalent to giving a lien, a rule or regulation which authorizes a water company to shut off the supply from consumers in all cases of non-payment of water rates, would be unreasonable and void, if so construed as to permit the water to be shut off and not turned on because a former owner or occupant had not paid his bill for water, and thereby coerce the new owner or occupant into paying for water, or service, for which they did not contract and from which they received no benefit.     P. 31

5.   Where the state law gives to the water company or municipality a lien upon the land and premises, for unpaid dues, or uses words equivalent to giving a lien, a rule or regulation of the water company which provides for shutting off the supply and discontinuing the service until the delinquent charges are paid, is reasonable and may be enforced against a subsequent tenant, owner or occupant of the building or premises upon which the lien exists.     P. 32

6.   Section 1, Chapter 68, S. L. 1912, New Mexico, gives to the water company, engaged in supplying water to the inhabitants of cities and towns, a lien on the real estate and premises where the water is used, for all legal charges for the water so supplied.     P. 33

Appeal from District Court, Bernalillo County. Herbert F. Raynolds, Presiding Judge. Reversed with directions.

A. B. McMillen, for Appellant.

Authorities all agree that right of a municipality operating a municipal utility to make reasonable rules and regulations is exactly the same as of private corporation. 88 Pa. 393; 37 S. W. 525; 28 Pac. 516; 72 Am. Dec. 735; 12 Atl. 855; Dillon on Municipal Corporations, Sec. 985; 38 Am. Dec. 672; 4 Wheat. 668, 672; 13 Wend. 331, 338; 9 Wheat. 907; 12 Wheat. 40; 1 Ld. Raym. 8; 2 Kent's Commentaries, 275; 54 Pac. 969; 72 S. W. 985; 6 Pa. Distr. 544; 16 S. E. 214; 88 Pa. 393; 12 Atl. 855; 107 Pa. 102; 90 Cal. 635; 3 Wash. 316; 48 Mo. Ap. p73;

State ex rel. Scotillo v. Water Co., 19 N. M. 27

104 Ala. 315; 87 Me. 287; 131 Ala. 447; 100 Me. 496; 68 A. S. R. 432; 112 A. S. R. 468; 117 Mo. 613; 70 N. J. Eq. 648; 71 N. J. Eq. 109; 153 N. Y. 435; 53 S. W. 993; 281 Ill. 40; 17 L. R. A. 923; 6 L. R. A. 198; 31 L. R. A. 301; 29 Pac. 320; 40 L. R. A. 263.

Lien Upon Property. Chap. 68, Laws 1912; Chap. 136, Laws 1909.

After water has been actually turned off for default of land owner, his successor in title, either as tenant or purchaser, cannot require it to be turned on again without settlement of arrearages, his remedy being against landlord, and this is especially true where water rate is made a lien against the property 90 Ga. 486; 88 Pa. 393; 12 Atl. 855; 63 Atl. 13; 281 Ill. 40; 17 L. R. A. 923; 16 L. R. A. 923; 16 L. R. A. 198; 90 Ga. 486.

JOHN C. LEWIS, for Appellees.

Contention of Appellant Erroneous. Am. & Eng. Ency. of L., p. 35, Sec. 3, Note 1, 2nd Ed.; Cook Corp. (6th Ed.) p. 8; 15 N. M. 436; 138 U. S. 55; 204 U. S. 116; 201 U. S. 17; 11 Pet. 544; 200 U. S. 22; 106 C. C. A. 381; 108 C. C. A. 527.

Right to Refuse Service. 56 So. 450; 87 Miss. 732; 112 Am. St. Rep. 468; 40 L. R. A. 657; 29 L. R. A. 377; 114 S. W. 685; 139 Ill. App. 598; 51 So. 354; 56 So. 838.

## STATEMENT OF FACTS.

The material facts in this case are that appellees were co-partners, conducting a business at Numbers 225 and 227 North Third Street in the City of Albuquerque, said premises being owned by one G. Badaracco. That from August, 1912, until the 17th day of February, 1913, appellees occupied the premises under a lease by the terms of which the landlord was to pay the water rent. In February, 1913, the landlord became delinquent to the appellant, and the water was shut off and the meter taken out. Thereupon appellees made a new lease with the landlord, under which the appellees agreed to pay the water rent accruing thereafter, but appellees did not undertake nor agree to pay the past due water rent. After the new lease was made, appellees informed the appellant of the

30     SUPREME COURT OF NEW MEXICO.

State ex rel. Scotillo v. Water Co., 19 N. M. 27

terms of the new lease, as it affected the payment of the water rent and demanded that the water be turned on, and agreed to pay the regular rates charged by the company and to comply with "all the reasonable rules and regulations" of the appellant. Appellant, however, refused to turn on the water until the sum of $9.55 was paid, said sum being the amount due from Badaracco, the landlord, for the period during which appellees had occupied the premises under the lease requiring the landlord to pay water rents. Appellees thereupon applied to the district court for a peremptory writ of mandamus to compel the appellant to turn on the water. Upon an agreed statement of facts, and after hearing arguments in the case, the court granted the writ, and from this judgment this appeal is prosecuted.

### OPINION OF THE COURT.

ROBERTS, C. J.—The appellant refuses to turn on the water until the appellees pay the bills incurred by their landlord, for water supplied to the landlord for the premises occupied by appellees, because it has, during the whole existence of its franchise, established and enforced a rule that where water rates are not paid monthly, within a reasonable time after the same become due, the water will be turned off for non-payment and remain off until the delinquent charges have been paid.

There is no question raised as to the amount or justness of the delinquent charge, hence, the only question in the case, is, as to whether the rule adopted, and here attempted to be enforced by the water company, is reasonable, for, it is universally conceded by the courts that the owner of a municipal utility, whether a private party or the municipality, may prescribe and enforce such rules and regulations for its convenience and security as are reasonable and just, and refuse to furnish water, or other service being supplied to any person who declines to comply with the same. American Water Works Co. vs. State, 46 Neb. 194; 50 Am. St. Rep. 610. The rule is stated as follows by Farnham (Sec. 161, Vol. 1, Waters and Water Rights:

"It (the company) may prescribe all such rules and regulations for its convenience and security in supplying water to a city or its inhabitants as are reasonable and just, and may refuse to furnish water to any inhabitant who refuses to comply with such reasonable rules and regulations. But the rules must be reasonable, just, lawful, and not discriminatory. And such rules may be enforced by shutting off the supply of a customer who refuses to comply with them. But the enforcement of unreasonable rules will be enjoined."

And the authorities all agree, and appellees concede, that the right of a municipality, operating a municipal utility, to make and enforce reasonable rules and regulations is exactly the same as that of a private corporation; no more and no less. Girard Life Insurance Co. vs. Philadelphia, 88 Pa. 393; Brewing Association vs. City Mo. 37 S. W. 525; 41 S. W. 911; Chicago vs. Northwestern Mutual Life Ins. Co., 218 Ill. 40.

Appellees admit, and the courts universally hold, that a rule which provides for shutting off the water supply from the person who contracted for and received the water, in default of payment for the same, is just and reasonable and may be enforced by the company; (See note to the case of State ex rel. Hallauer vs. Gonsell (Wis.) 61 L. R. A. 33, where the cases are collected on page 105; and note to case of City of Mansfield vs. Humphreys Mfg. Co. (82 Ohio St. 216) 31 L. R. A. N. S. 301), where there is no dispute as to the amount owing or the water was not furnished for some other place or residence, or for a separate and distinct transaction from that for which he is claiming and demanding a water supply.

And it is likewise well settled that, in the absence of a statute, or an ordinance enacted under authority of a statute, making a charge for water supplied, a lien upon the land or premises for unpaid dues, or which uses words equivalent to giving a lien, a rule or regulation which authorizes a water company, organized for the purpose of supplying the inhabitants of a city or town with water, to shut off the supply from consumers in all cases of non-payment of water rates, would be unreason-

able and void, if so construed as to permit the water to be shut off or not turned on, because a former owner or occupant had not paid his bill for water, and thereby coerce the new owner or occupant into paying for water, or service, for which they did not contract and from which they received no benefit. Turner vs. Revere Water Company, 171 Mass. 329; 68 Am. St. Rep. 432; Burk vs. Water Valley, 87 Miss. 732; Farmer vs. Mayor and City Council of Nashville (Tenn.), 156 S. W. 189; 45 L. R. A. N. S. 240, and note. In such cases no argument is required to demonstrate the unreasonableness of the rule or regulation, for it would be manifestly unjust to require A to pay B's past due account for water, where he was under no legal or moral obligation to do so, before the company or the municipality would permit him to receive the service, although he had offered on his part, in so far as he was personally concerned, to comply with all the rules and regulations of the company in the future, as to the water furnished him.

On the other hand, it seems to be equally well settled by the adjudicated cases, that, where the state law·gives to the water company or municipality, a lien upon the land and premises, for unpaid dues, or uses words equivalent to giving a lien, or where a city ordinance, enacted under authority conferred by the legislature, makes such unpaid dues a lien upon the land, a rule or regulation of the water company which provides for shutting off the supply and discontinuing the service until the delinquent charges are paid, is reasonable and may be enforced against a subsequent tenant, owner or occupant of the building or premises upon which the lien exists. Atlanta vs. Burton, 90 Ga. 486, 16 S. E. 214; Girard Life Ins. Co. vs. Philadelphia, 88 Pa. 393; Brumm vs. Pottsville Water Co. (Pa.), 12 Atl. 855; McDowell vs. Avon-by-the-Sea etc., 71 N. J. Eq. 109; Chicago vs. North Western Mutual Life Ins. Co., 281 Ill. 40; 1 L. R. A. (N. S.) 770; Covington vs. Ratterman (Ky.) 17 L. R. A. (N. S.) 923; East Grand Fork vs. Luck (Minn.) 16 L. R. A. (N. S.) 198; Turner vs. Revere Water Co., 171 Mass. 329; 68 Am. St. Rep. 432.

State ex rel. Scotillo v. Water Co., 19 N. M. 27

In the case last cited the Massachusetts court say:

"Of course, it can not be disputed that, if the legislature gives a lien upon the land to a water or gas company for unpaid dues, or uses words equivalent to giving a lien, it has the right to do so, (require the subsequent owner, occupant or tenant to pay delinquent charges before water is supplied to the premises upon which the lien exists) and there is nothing more to be said."

In the case of Linne vs. Bredes, 86 Pac. 858, 6 L. R. A. (N. S.) 107, the Supreme Court of Washington say:

"When a legislature by statute, authorizes or gives a lien on land for unpaid water rentals, as it has the power to do, of course such a right so conferred can be asserted and enforced by proper ordinances and rules (1 Farnham, Waters, Sec. 166); but we have no such statute in the state of Washington."

The reason the courts decline to interfere with, or restrain, the enforcement of a rule, which permits the water company or the municipality to refuse to supply water to the subsequent owner, occupant or lessee of premises, upon which the statute gives it a lien for unpaid water rents, until all delinquent charges for water supplied the former owner or occupant of the building are paid, is because such a rule or regulation, is reasonable and just. The reasonableness of the rule or regulation is always the criterion by which the court must be guided when its judgment is invoked. If it is reasonable, the court will not interfere with its enforcement; if unreasonable, it will.

Sec. 1, Chapter 68, S. L. 1912, of this state, reads as follows:

"That any incorporated city, town or village, owning its own water plant, or any person or corporation having franchise from any such city, town, or village, legally authorized and empowered to furnish water to such city, town or village or the inhabitants thereof, shall have a lien upon any lot or subdivision of such city, town or village for all legal charges for water furnished by such city, town, village, person or corporation and used upon such lot or subdivision or in or upon any buildings

thereon situate; *Provided,* that whenever any building, lot or subdivision in or upon which water is being used shall become vacant, it shall be the duty of the owner or former tenant to give notice in writing to the city, town, village, person or corporation owning the water plant or holding the franchise therein, that the said property is vacant and when such notice is so given no lien for water furnished after three days from receipt of said notice, shall be had against said property, and provided, further, that no lien shall exist for water which is not fit for the purposes for which it is supplied."

By this act the water company is given a lien on the real estate and premises occupied by appellees, for the water supplied to their landlord. But it is argued by appellees that the water company has the right to enforce its lien by an appropriate action in the courts to foreclose the same. That it can do so will not be gainsaid, but this fact does not militate against the reasonableness of the rule and regulation in question. If it did so, it could be argued with as much plausibility that the water company could institute an action and recover for past due water bills against all its consumers, for water supplied them, and therefore all rules and regulations which permitted the company to refuse to supply water until delinquent obligations were paid would be unreasonable. Where the lien exists, the water company by the rule under discussion does not seek to foreclose its lien. It enforces the rule, in the same manner that it is enforced against the individual who refuses to pay for water which he has consumed, by refusing to continue the service until the delinquency is paid. The rule is held to be reasonable, because, being a lien on the real estate, it could be foreclosed by an appropriate proceeding in the courts, and the real estate sold, and all rights of the owner, occupant or tenant be thereby cut off. Such being true, the rule which requires the delinquent charges to be paid before water will be supplied to the premises, is reasonable, and may be enforced against the subsequent owner or occupant. The charge being a lien upon the real estate, if it should be foreclosed in court, the subsequent owner or occupant

State ex rel. Scotillo v. Water Co., 19 N. M. 27

could only protect his right to the possession and enjoyment of the property by discharging the lien, and this being so, it is not unreasonable to require the payment of the delinquent dues in order to procure a supply of water for the premises upon which the lien exists. But it is argued that it is unjust to require the subsequent owner or occupant to pay for water used by some other person, or the landlord to pay for water used by the tenant. This argument, admittedly very persuasive, might have great weight with the legislature, but it has, however, seen proper to make the charge a lien upon the real estate. This it had the power to do, and the wisdom of its action cannot be reviewed by the courts. It might be argued that it is unjust to require the subsequent owner of real estate to pay the past due taxes on the same. But it must be remembered that he is not required to pay such taxes. If, however, he does not discharge the lien of the state for the same, the property upon which the lien exists will be sold and he will be divested of the possession and enjoyment of the same. He elects to pay in order to retain and possess the property, likewise the right of the tenant would be cut off. In this case the lessors cannot be lawfully required to pay the past due water rent, but the lien could be foreclosed and their tenancy cut off. Such being true, the courts, as stated, universally hold that a rule of a water company which permits the company to cut off the supply until the delinquent charges are paid, is reasonable, and its enforcement will not be restrained.

For the reasons stated, it follows that the judgment of the trial court, awarding the peremptory writ of mandamus, was erroneous. The case will, therefore, be reversed with directions to the district court to dismiss the alternative writ of mandamus, and it is so ordered.