2008-NMCA-113

191 P.3d 559

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**David WYMAN, Defendant–Appellant.**

No. 28,237.

Court of Appeals of New Mexico.

April 22, 2008.

Certiorari Granted, No. 31,153,
Aug. 25, 2008.

Gary K. King, Attorney General, Santa Fe, NM, for Appellee.

John Bigelow, Chief Public Defender, Santa Fe, NM, Linda Yen, Assistant Public Defender, Albuquerque, NM, for Appellant.

**OPINION**

ALARID, Judge.

{1} In this case we hold that NMSA 1978, § 33-3-9 (1995) does not require a sentencing judge to grant a convicted person the opportunity to earn good time credits while in jail. Defendant was found guilty in metropolitan court of one count of violation of a protective order. He was sentenced to 364 days in jail with no opportunity to earn good time credits. He appealed to the district court, arguing that the sentence to straight time was illegal. The district court affirmed the metropolitan court's sentence. On appeal to this Court, Defendant contends that his sentence violates the plain language of Section 33-3-9, as well as due process, equal protection, and separation of powers principles. We proposed to affirm in a calendar notice, and we have received a memorandum in opposition from Defendant. We have considered Defendant's arguments, but we are not persuaded by them. We affirm.

**DISCUSSION**

**Standard of Review**

{2} A claim that a sentence is illegal and unauthorized by statute is jurisdictional and may be raised for the first time on appeal. *State v. Sinyard,* 100 N.M. 694, 695, 675 P.2d 426, 427 (Ct.App.1983). The power of a trial court to sentence is derived exclusively from statute, and we review issues of statutory construction and interpretation de novo. *State v. Diaz,* 2007-NMCA-026, ¶ 7, 141 N.M. 223, 153 P.3d 57.

**Statutory Interpretation**

{3} The statutory language that Defendant contends the trial court violated in declining to award him good time credit reads as follows:

A. The sheriff or jail administrator of any county, with the approval of the committing judge or presiding judge, may grant any person imprisoned in the county jail a deduction of time from the term of his sentence for good behavior and industry and shall establish rules for the accrual of "good time"[;]

. . . .

C. . . . The sheriff or jail administrator shall establish rules and procedures for the forfeiture of accrued deductions and keep a record of all forfeitures of accrued deductions and the reasons for the forfeitures. Section 33-3-9(A), (C).

{4} Defendant argues that the plain language of these subsections precludes the sentencing court from prospectively denying good time credits before an inmate has be-

gun serving his or her sentence. We disagree. Nothing in Section 33–3–9 explicitly precludes the sentencing judge from denying a convicted party good time. In fact, the statute plainly requires "the approval of the committing judge or presiding judge" before good time may be granted by the sheriff or jail administrator. Section 33–3–9(A). Accordingly, we reject Defendant's contention that the statute "by inference excludes the trial judge from preemptively denying good time." Our case law also instructs otherwise. *State v. Landgraf,* 1996–NMCA–024, ¶ 26, 121 N.M. 445, 913 P.2d 252 (noting that the language of Section 33–3–9 is permissive rather than mandatory); *see McDaniel–Ortega v. Williams,* 1999 WL 71715, *3 (10th Cir.1999) (unpublished) (holding that under Section 33–3–9, "good time credits are merely a possibility and not a mandatory right").

{5} Moreover, the out-of-state authority cited by Defendant generally addresses the revocation by prison or correctional officials of good time earned by an incarcerated person, as opposed to addressing the sentencing discretion of a trial judge, and is therefore unpersuasive in the context of the case before us. *See Nichols v. Warren,* 209 Conn. 191, 550 A.2d 309, 313 (1988) (holding that the commissioner of correction cannot diminish a prisoner's good time sentence reduction for improper behavior until the inmate earns a reduction as his sentence is served); *Henderson v. Comm'rs of Barnstable County,* 49 Mass.App.Ct. 455, 730 N.E.2d 362, 364 (2000) (addressing an action based on the procedure by which prison officials revoked inmates' good time credits following a disciplinary hearing). The only case cited by Defendant that concerns a refusal of good time credit does not pertain to the sentencing judge's authority to refuse, but rather to that of a prison official. *Guzzo v. Snyder,* 326 Ill.App.3d 1058, 261 Ill.Dec. 94, 762 N.E.2d 663, 668 (2001) (holding that a prison director could not refuse an inmate good time credit based on an unwritten policy excluding inmates with domestic battery arrests from eligibility).

{6} In his memorandum in opposition, Defendant invites us to harmonize Section 33–3–9 with NMSA 1978, § 33–2–34 (2006), the statute pertaining to good time for prisoners in correctional institutions, and hold that "the procedural due process safeguards articulated in *Brooks v. Shanks,* 118 N.M. 716, 885 P.2d 637 (1994) under the prison statute are also expressly and implicitly articulated in the jail statute." We decline to do so, noting that *Brooks* does not address the discretion of the sentencing judge to grant or deny the opportunity to earn good time under Section 33–3–9. Instead, like the out-of-state authority cited above, *Brooks* addresses the forfeiture of good time credits already earned by a prison inmate during his period of incarceration, and procedural due process safeguards are required where a prisoner has alleged that "a forfeiture or termination [of good time credits] has been imposed [by corrections department officials] in a manner that departs from or circumvents the statutory and administrative procedures prescribing how such a forfeiture or termination should be effected." *Id.* at 720, 885 P.2d at 641. *Brooks* does not stand for the proposition that a sentencing judge is required to award a convicted party the opportunity to earn good time credits under Section 33–3–9, nor does any other authority cited by Defendant stand for this proposition. Where a party cites no authority to support an argument, we may assume no such authority exists. *In re Adoption of Doe,* 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984).

{7} Moreover, we decline to apply the rule of lenity, as urged by Defendant. "The rule of lenity counsels that criminal statutes should be interpreted in the defendant's favor when insurmountable ambiguity persists regarding the intended scope of a criminal statute." *State v. Ogden,* 118 N.M. 234, 242, 880 P.2d 845, 853 (1994). Section 33–3–9 is not ambiguous. Defendant has simply misapplied the plain language of the statute to his case. We concede that as a general matter, prison discipline is entrusted to prison administrators. *Lopez v. LeMaster,* 2003–NMSC–003, ¶ 22, 133 N.M. 59, 61 P.3d 185; NMSA 1978, §§ 33–3–8, 33–3–4 (1984) and 33–3–9(A). We agree with Defendant that the statute provides that the sheriff or jail administrator "shall" establish rules for the accrual of good time, and that use of

the word "shall" in statutes means the requirement is mandatory. *See, e.g., State v. Guerra*, 2001–NMCA–031, ¶ 14, 130 N.M. 302, 24 P.3d 334. However, we hold that Section 33–3–9(A) allows a county sheriff or jail administrator to permissively grant an individual, who has been approved for the opportunity to earn good time credits by the sentencing judge, a deduction of time from the term of his sentence for good behavior and industry. We further hold that the decision whether to permit a convicted party the opportunity to earn good time credits under Section 33–3–9 is the domain of the sentencing judge, not the sheriff or jail administrator. *See, e.g., State v. Irvin*, 114 N.M. 597, 599, 844 P.2d 847, 849 (Ct.App.1992) (sentencing "defendant to 364 days in jail, to be served at the Bernalillo County Detention Center with no good-time credit"). If the sentencing judge permits a convicted individual the opportunity to earn good time credits, then the procedures established by the sheriff or jail administrator pursuant to Section 33–3–9 govern the award and revocation of that individual's credits. Accordingly, we hold that the metropolitan court judge's decision to sentence Defendant to straight time was not in violation of the plain language of Section 33–3–9.

## Due Process

■ {8} Defendant further argues that the sentencing judge's decision to deny Defendant the possibility of earning good time credits is a violation of his due process rights and suggests that our reading of Section 33–3–9 above renders its provisions "meaningless." We disagree. Section 33–3–9 is not meaningless where a convicted party has been given a jail sentence that includes the possibility of earning good time. In such a case, Section 33–3–9 governs the accrual and forfeiture of such a party's good time credit, and where a jailed inmate believes that these procedures were not followed in accordance with due process, judicial review of the procedures followed in that inmate's case may be available. *See Lopez*, 2003–NMSC–003, ¶ 23 ("The Due Process Clause and our recognition in *Brooks* of a liberty interest in good-time credits allows for judicial oversight of the prison procedures."); *Brooks*, 118

N.M. at 720, 885 P.2d at 641 (stating that when a habeas corpus petition alleges the wrongful deprivation of good time credits, courts should determine whether the deprivation satisfied due process requirements). However, Defendant is not in such a position here, and he has not convinced us that as a matter of law his case must be remanded for entry of a sentence that grants him the possibility of earning good time.

{9} Moreover, none of Defendant's authorities suggest that it was a violation of due process for the sentencing judge in this case to deny Defendant the possibility of earning good time credits during his period of incarceration in jail. *See Doe*, 100 N.M. at 765, 676 P.2d at 1330. Again, Defendant's cases pertain to due process violations arising from the arbitrary abrogation by correctional department officials of good time credit earned by incarcerated individuals. *See, e.g., Wolff v. McDonnell*, 418 U.S. 539, 544, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (holding that Nebraska's statutory procedures for disciplinary action taken against incarcerated persons, including revocation of earned good time credit, do not comport with due process).

## Equal Protection and Separation of Powers

■ {10} Defendant's equal protection and separation of powers arguments are raised for the first time in his memorandum in opposition. These arguments were not preserved below. In order to preserve an issue for appeal, the appellant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon. *State v. Varela*, 1999–NMSC–045, ¶ 25, 128 N.M. 454, 993 P.2d 1280. On appeal, the reviewing court will not consider issues not raised in the trial court unless the issues involve matters of jurisdictional or fundamental error. *In re Aaron L.*, 2000–NMCA–024, ¶ 10, 128 N.M. 641, 996 P.2d 431. Defendant does not argue fundamental error, and we hold that Defendant's unpreserved issues do not rise to such a level.

{11} For the foregoing reasons, we affirm.

{12} **IT IS SO ORDERED.**

WE CONCUR: LYNN PICKARD and MICHAEL D. BUSTAMANTE, Judges.