# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                          **NO. 28,912**

**ESMEREGILDO ALMAGER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Jerry H. Ritter, Jr., District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Corey J. Thompson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Defendant appeals from multiple convictions arising out of an incident in which he and a co-defendant, Tiffany, burglarized a home, assaulted its residents, and

subsequently attempted to avoid the police and destroy evidence. In this Court's notice of proposed summary disposition, we proposed to affirm Defendant's convictions and sentence. Defendant has responded with a memorandum in opposition pursuant to several extensions of time. We are not persuaded by Defendant's arguments, and we now affirm.

**Cruel and Unusual Punishment**

Defendant claims that the district court imposed cruel and unusual punishment in sentencing. [DS 10] In this Court's notice of proposed summary disposition, we noted that it did not appear that Defendant actually preserved the argument that his sentence violated his right to be free of cruel and unusual punishment. [*See* RP 426-31] Accordingly, we proposed to affirm. *See State v. Wyman*, 2008-NMCA-113, ¶ 10, 144 N.M. 701, 191 P.3d 559 (declining to review a constitutional attack on a sentence when the issue had not been preserved in the sentencing court), *cert. granted*, 2008-NMCERT-008, 145 N.M. 255, 195 P.3d 1267.

Defendant's memorandum in opposition asserts that this issue may be raised for the first time on appeal. [MIO 15] However, in *State v. Burdex*, 100 N.M. 197, 201, 668 P.2d 313, 317 (Ct. App. 1983), we held that a constitutional claim of cruel and unusual punishment is non-jurisdictional and must be preserved for appellate review. Defendant also suggests that a fundamental error analysis may apply [MIO 15], but

does not explain how Defendant's sentence constituted fundamental error, as opposed to reversible error. Accordingly, we decline to address this claim, since it was not preserved and since Defendant has not developed his argument that his sentence constituted fundamental error. As we stated in our notice of proposed summary disposition, the imposition of consecutive habitual offender enhancements on multiple convictions does not violate the constitutional prohibition against cruel and unusual punishment, and the length of a sentence to be imposed is generally a legislative prerogative, such that "without a compelling reason, we do not impose our views concerning the appropriate punishments for crimes." *State v. Lucero*, 104 N.M. 587, 594, 725 P.2d 266, 273 (Ct. App. 1986).

**Fair Sentencing**

Defendant claims that he was deprived of a fair sentence when evidence relevant to his plea negotiations was introduced during sentencing. [DS 10] In this Court's notice of proposed summary disposition, we proposed to conclude that even if it was error under Rule 5-304(F) NMRA to admit the evidence, the error was harmless.

Defendant has responded, pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985). [MIO 18] As Defendant's memorandum in opposition does not

demonstrate that the introduction of this evidence prejudiced him, we hold that any error was harmless. *See* Rule 5-113(A) NMRA ("Error in either the admission or the exclusion of evidence and error or defect in any ruling, order, act or omission by the court or by any of the parties is not grounds for granting a new trial or for setting aside a verdict, for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take any such action appears to the court inconsistent with substantial justice.").

**Evidence of the MySpace Pages**

Defendant asserts that the district court abused its discretion in refusing to permit Defendant to introduce printouts of Tiffany's MySpace pages in order to show that she lied about her age and portrayed herself as a gangster and someone who took illegal drugs. [DS 9, 10] In our notice, we proposed to conclude that Defendant failed to preserve an argument at trial that he had a Sixth Amendment right to have this evidence admitted. In Defendant's memorandum in opposition, he does not assert that the argument was preserved. Therefore, we conclude that this claim of error does not warrant reversal. *See* Rule 12-216 NMRA (setting out requirement that issues be preserved for appellate review).

**Sufficiency of the Evidence**

Defendant claims that there was insufficient evidence of the value of the cash

4

and jewelry that were stolen. [DS 10] "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. In our notice, we proposed to find that substantial evidence supported a finding that the value of the cash and jewelry was more than $20,000.

In Defendant's memorandum in opposition, he argues that because there was no evidence of the age and condition of the jewelry, there was insufficient evidence to establish beyond a reasonable doubt the market value of the jewelry at the time it was stolen. [MIO 21] We disagree. Defendant acknowledges that Alice Seeley testified that $16,500 in cash was taken from the safe and that jewelry worth at least $85,500 was stolen. [MIO 21] This Court has previously stated that "an owner of personal property may testify concerning the value of the property and that such testimony is sufficient to support a jury's determination of value." *State v. Hughes*, 108 N.M. 143, 145-46, 767 P.2d 382, 384-85 (Ct. App. 1988). We therefore conclude that Seeley's testimony was sufficient to establish that the value of the missing items was at least $20,000.

**Double Jeopardy**

Defendant claims that the district court subjected him to double jeopardy in "not

5

merging certain counts." [DS 11] A double jeopardy analysis in a double-description case requires this Court first to determine whether the conduct was unitary, and then, if it is, to determine whether the Legislature intended multiple punishments for the unitary conduct. *State v. DeGraff*, 2006-NMSC-011, ¶ 26, 139 N.M. 211, 131 P.3d 61.

Defendant contends, pursuant to *Franklin* and *Boyer*, that all of his conduct at the victims' house was unitary, and that all of his acts at the motel were a separate event. [MIO 13-14] In our notice of proposed summary disposition, we stated that after examining all the charges relating to conduct that occurred in the house, we did not believe that any were based on conduct that was unitary and for which the Legislature did not intend separate punishments. In Count 1, Defendant was charged with aggravated burglary for entering the victims' home armed with a firearm and with the intent to commit a theft. [RP 179] In Count 2, Defendant was charged with larceny for stealing money and jewelry. [RP 180] In Count 3, Defendant was charged with aggravated battery with a deadly weapon for hitting Seeley with a gun. [RP 184] In Count 6, Defendant was charged with aggravated assault for threatening to shoot Alice Seeley. [RP 187] In Count 7, Defendant was charged with aggravated assault for actually shooting at David Hall. [RP 188] In Count 8, Defendant was charged with transportation of a rifle by a felon. [RP 189] In Count 9, Defendant was charged

with possession of a handgun by a felon. [RP 190] These are all the charges relating to when Defendant was in the home. (We do not believe that the conspiracy charge relates to events in the home, since, based on the facts of this case, the evidence suggested that Defendant and Tiffany would have had to agree to commit the illegal acts prior to entering the home.)

As to the events that occurred in the motel, we also stated in our notice that we did not believe that these were unitary: In Count 5, Defendant was charged with tampering with evidence for burning and hiding money in the hotel room. [RP 186] In Count 11, he was charged with resisting or evading an officer. [RP 192] And in Count 12, he was charged with criminal damage to property for damaging property at the motel. [RP 193]

Defendant has not provided this Court with any authority to suggest that all of the acts were "unitary" under a double jeopardy analysis simply because they occurred in a single location on a single evening. Accordingly, we hold that neither the acts in the home nor the acts in the motel were unitary and that Defendant's multiple convictions did not violate double jeopardy concerns.

**The Amended Indictment**

Defendant claims that the district court erred in permitting the prosecutor to amend the indictment to change Count 3 from aggravated battery for hitting Seeley

7

with the butt of a rifle to aggravated battery for hitting Seeley with the butt of a handgun. [DS 11] Rule 5-204(C) NMRA provides that a district court "may at any time allow the indictment or information to be amended in respect to any variance to conform to the evidence." It is only if "the court finds that the defendant has been prejudiced by an amendment" that " the court may postpone the trial or grant such other relief as may be proper under the circumstances." *Id.* In this case, the district court concluded that Defendant would not be prejudiced by the amendment. [RP 385] In our notice of proposed summary disposition, we proposed to hold that the district court did not abuse its discretion in permitting the amendment. *See State v. Maestas*, 2007-NMCA-155, ¶ 13, 143 N.M. 104, 173 P.3d 26 (stating that a district court's decision to allow an amendment to a complaint is reviewed for an abuse of discretion).

Defendant has responded, pursuant to *Franklin* and *Boyer*, and asserts that he was deprived of fair notice of the charges in this case. [MIO 22-23] We are not persuaded. Defendant does not assert that his defense was prejudiced by the substitution of one type of weapon for another, and "[a] court does not abuse its discretion by allowing an amendment that includes facts subsequently discovered and timely communicated when there is no change to the elements of the offense charged." *Maestas*, 2007-NMCA-155, ¶ 13.

Therefore, for the reasons stated in this opinion and in our notice of proposed

summary disposition, we affirm Defendant's convictions and sentence.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Judge**


_____
**TIMOTHY L. GARCIA, Judge**