This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                    **NO. 29,293**

**REGINALD BENALLY,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Carl J. Butkus, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Santa Fe, NM
Vicki W. Zelle, Assistant Public Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Defendant appeals the decision by the district court in this case. The district court affirmed in part, and reversed in part the sentence imposed by the metropolitan judge for Defendant's DWI and driving without a valid license convictions. We proposed to affirm the district court decision in a calendar notice, and we have received a response from Defendant. After due consideration of the arguments made by Defendant, we affirm.

Defendant pled guilty to the charges brought against him, after which his case was transferred to the drug court program. [RP 63-67] While in the program, Defendant tested positive for alcohol and missed meetings. As a result, Defendant was sanctioned three times, and then asked to "write something" to convince the judge that he should remain in the drug court program. [RP 116] Defendant asked the court what his sentence would be if he "revoked himself" from the drug court program. [MIO 2-3] The metropolitan judge informed Defendant that he would receive a sentence of "364 plus 90, plus the fines and fees." [RP 116] Defendant requested that he be removed from the drug court program and receive his sentence. [Id.] The request was granted, and Defendant received "364 days straight jail," for DWI, and "90 days straight jail" for driving without a valid license. [Id.] Defendant was given pre-sentence confinement credit of 191 days. [Id.] The metropolitan court order states that the court would not reconsider the sentence "unless Defendant presents a

2

plan for a long-term inpatient treatment program." [RP 79] Finally, the court order states that fines and fees shall be converted to jail time. [Id.]

On appeal to the district court, the court found that it was error for the metropolitan judge to convert fines and fees to jail time and reversed that portion of Defendant's sentence. Defendant does not challenge that portion of the district court decision. However, with respect to the imposition of "straight time," Defendant continues to claim that the district court acted beyond its authority.

In our calendar notice, we relied on *State v. Wyman*, 2008-NMCA-113, ¶¶ 1, 7, 144 N.M. 701, 191 P.3d 559, *cert. granted*, 2008-NMCERT-008, 145 N.M. 255, 195 P.3d 1267, and NMSA 1978, Section 33-3-9(A) (1995). We proposed to affirm based on the language of the statute pertaining to county jails which allows a sheriff or jail administrator to deduct time for good behavior "with the approval of the committing judge or presiding judge." *See* Section 33-3-9(A); *Wyman*, 2008-NMCA-113, ¶ 1.

Defendant responds by arguing that it was error to deny him the opportunity to earn deductions from his sentence for good behavior, and that our decision in *Wyman* is simply incorrect. Defendant claims that the metropolitan court action was contrary to the language of the statute, and therefore, contrary to the intent of the Legislature. Defendant includes claims that the sentence violated his right to due process and equal

protection and violated the doctrine of separation of powers, all of which were argued and addressed in *Wyman*. Defendant recognizes that there are different statutory articles applicable to "good time" credit for inmates in state correctional facilities and inmates in county jails. [MIO 6] Defendant argues, however, that the fact that the articles governing "good time" credit are both found in Chapter 33, titled Correctional Institutions, is evidence that the Legislature intended for "good time" credit to be the responsibility of the jail or prison, and not that of the sentencing judge.

In support of his claims, Defendant cites to cases from our Supreme Court, including *State v. Martinez*, 1998-NMSC-023, 126 N.M. 39, 966 P.2d 747, and *State v. Aqui*, 104 N.M. 345, 721 P.2d 771 (1986), *limited in part on other grounds by Brooks v. Shanks*, 118 N.M. 716, 719-20, 885 P.2d 637, 640-41 (1994). We do not find the cases persuasive as they involve very different situations from that in this case. In *Martinez*, a case in which the defendant received a third DWI conviction, the magistrate court relied on the defendant's participation in alcohol treatment as the basis for granting confinement credit. 1998-NMSC-023, ¶ 16. Our Supreme Court determined that the Legislature mandated a jail term of 90 days for third-offense DWI offenders, and therefore, the magistrate court action was contrary to the express intent of the Legislature. *Id.* In *Aqui*, the question was whether the court had jurisdiction

to modify a sentence by awarding "good time" credit for time spent in pre-sentence confinement. 104 N.M. at 347, 721 P.2d at 773.

In this case, on the other hand, the question is whether the sentencing court can impose a sentence that does not allow Defendant the opportunity to earn "good time" credit toward his sentence. That is the question that was addressed in *Wyman*. As discussed in *Wyman*, the plain language of the statute pertaining to imprisonment in county jails "requires 'the approval of the committing judge or presiding judge' before good time may be granted by the sheriff or jail administrator," and "good time" credit is only a possibility and not a mandatory right. 2008-NMCA-113, ¶ 4. As in *Wyman*, this case involves the discretion of the metropolitan judge to grant or deny the opportunity to earn "good time" credit, and not the forfeiture of "good time" credit already earned. *Id.* ¶¶ 5-6. Under the plain language of Section 33-3-9(A), the metropolitan court did not exceed its authority.

For the reasons discussed in this opinion and in our calendar notice, we affirm the decision of the district court in its entirety.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

5

_____
**CELIA FOY CASTILLO, Judge**