This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ALLAN MELTZER and LARRY MELTZER,**
**as Co-Personal Representatives of the Estate of**
**MARTIN J. MELTZER, Deceased,**

Plaintiffs-Appellees,

v.                                                                                    **NO. 30,326**

**KERRY KRUSKAL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Abigail Aragon, District Judge**

De Stefano Law Firm, P.C.
Richard De Stefano
Taos, NM

for Appellee

Law Offices of Brian A. Thomas, P.C.
Brian A. Thomas
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

Defendant Kerry Kruskal appeals the district court's judgment in favor of Plaintiffs Allan and Larry Meltzer (the Meltzers).  For the reasons that follow, we affirm.  Because the parties are familiar with the facts and proceedings, and because this is a memorandum opinion, we provide only a brief discussion of this case's background. We include additional information as necessary in connection with each issue raised.

**BACKGROUND**

The following facts are undisputed.  The Meltzers are co-personal representatives of the Estate of Martin J. Meltzer, deceased (Decedent).  At the time of his death, Decedent owned real property at 35 Burma Road in Taos County, New Mexico.  The property was subject to a mortgage dated August 18, 1993 (the Mortgage), made by Decedent as mortgagor and in favor of Kruskal as mortgagee. Payments on the note were made through Pioneer Escrow and later through Sunwest Trust (Sunwest).  The escrow agents received regular payments from Decedent and paid the same to Kruskal less Sunwest's agreed escrow charges.  In December 2006, the Meltzers, on behalf of the Estate, entered into an agreement to sell the property to Paul Higdon for $325,000.  The agreement required the normal, customary, and standard payoff of the Mortgage.  On January 12, 2007, the Meltzers sought a payoff quote from Sunwest and, on January 17, 2007, they received a payoff  calculation

amount of $12,033.19. The Meltzers wired the full payoff amount to Sunwest the following day. The sale of the property to Higdon was set to close through an escrow at First New Mexico Title on January 23, 2007. However, on November 12, 2006, Kruskal had sent a letter to Sunwest asking it to "Red Flag the Meltzer Account" and not to "release the deed to [them]." Kruskal did not release the Mortgage and, as a result, the closing scheduled for January 23, 2007, did not occur.

On February 9, 2007, the Meltzers filed suit against Kruskal and Sunwest for release of the mortgage lien, quiet title, and damages. The district court granted a preliminary injunction in July 2007 compelling the release of the mortgage and, on February 18, 2008, the Meltzers sold the property to another buyer for $264,000. The district court subsequently granted partial summary judgment in favor of the Meltzers as to the issue of liability (breach of contract, breach of statutory duty) and on Defendant's affirmative defenses. The court left for trial the issues of causation, damages, failure to mitigate, and attorney fees. After a bench trial on May 14, 2009, judgment was entered in favor of the Meltzers. Specifically, the district court found that the Meltzers were damaged and that they attempted to mitigate their damages. The court awarded the Meltzers, among other things, damages for diminution of value of the property and attorney fees. This appeal followed.

**DISCUSSION**

Kruskal raises four issues on appeal. He contends that (1) the district court erred in granting partial summary judgment in favor of the Meltzers, (2) the district court erred in finding that the Meltzers mitigated their damages, (3) counsel for the Meltzers should have been disqualified and the judgment voided, and (4) the district court erred in awarding attorney fees. We take each of Kruskal's arguments in turn.

**Grant of Partial Summary Judgment on Liability**

Orders granting or denying summary judgment are reviewed de novo. *Romero v. Philip Morris Inc.*, 2010-NMSC-035, ¶ 7, 148 N.M. 713, 242 P.3d 280. A motion for summary judgment under Rule 1-056 NMRA is granted only when there are no issues of material fact, with the facts viewed in the light most favorable to the nonmoving party. *Romero*, 2010-NMSC-035, ¶ 7. The movant has the burden of producing "such evidence as is sufficient in law to raise a presumption of fact or establish the fact in question unless rebutted." *Id.* ¶ 10 (internal quotation marks and citation omitted). The nonmoving party then must "demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Id.* (internal quotation marks and citation omitted). In addition to being specific, these facts must be material to the dispute, and the applicable substantive law determines whether a fact is material. *Id.* ¶ 11.

At the outset, we note that Kruskal's argument is less than clear. Although he generally attacks certain facts in the Meltzers' motion for summary judgment, the crux of Kruskal's argument is that the district court "erred in granting summary judgment on issues relating to intent, motive, comparative fault or other reductions in damages." We also note that in his challenge to the entry of partial summary judgment, Kruskal disputes certain facts by citing to testimony from the May 14, 2009 bench trial. To the extent that he does so, we do not consider that evidence in our analysis here. The district court made clear in its findings of fact and conclusions of law and the judgment that it had already granted summary judgment to the Meltzers on the liability issues. Therefore, our review is limited to determining whether summary judgment was appropriate under Rule 1-056, regardless of any testimony presented at trial or corresponding findings that the district court may have entered after trial. We begin with whether sufficient disputes of fact should have precluded the grant of partial summary judgment on the issue of liability and then turn to Kruskal's arguments that partial summary judgment was based on "implicit findings" on the issues of intent, motive, bad faith, and comparative fault.

In their motion for summary judgment, the Meltzers argued that Kruskal breached a contractual and statutory duty to release the Mortgage and that, as a result, they suffered damages. On appeal, Kruskal does not dispute that there was a contract

between Decedent and Kruskal that arose from a property purchase transaction and that a mortgage between the parties was secured by a promissory note payable to Kruskal. He contends, however, that there existed five disputed facts material to the motion for summary judgment. Kruskal challenges facts 11, 12, 14, 15, and 16, which he characterizes as (1) allegedly conflicting instructions from Kruskal, (2) the transmission and "recall" of the release of mortgage by Sunwest, (3) the nature of the authority to act vested in the escrow company in the escrow agreement, (4) the characterization of the factors contributing to the decision by Sunwest to transmit the release of mortgage, and (5) the prompt withdrawal by Kruskal of any objections to the release of the mortgage once the situation was understood.

The question here is whether Kruskal raised a genuine issue of material fact as to each of the issues above sufficient to defeat summary judgment. We conclude that he did not. Although Kruskal's brief in chief cites to five allegedly disputed facts, it fails to present any evidence demonstrating that a genuine issue of fact actually existed. Instead, Kruskal merely argues that the above facts were disputed and provides his version of the facts without citing to any evidence showing that partial summary judgment was improperly granted with respect to liability on the contract claim. For example, Kruskal states that, with regard to the "red flag letter," there was a genuine issue of fact as to the amount of the payoff of the note and mortgage

6

because "the note required complicated calculations and readjustments." He also contends that there was an ongoing concern about the septic system and that the "[a]greement contributed to this confusion" and that there was a dispute as to "the rights inherent in the [a]greement" because it "could not be amended unilaterally, but it could be assigned." These types of general assertions of the existence of a triable issue are insufficient to overcome summary judgment on appeal. *See Clough v. Adventist Health Sys., Inc.*, 108 N.M. 801, 803, 780 P.2d 627, 629 (1989) ("[M]ere argument or bare contentions of the existence of a material issue of fact is insufficient."); *Spears v. Canon de Carnue Land Grant*, 80 N.M. 766, 769, 461 P.2d 415, 418 (1969) ("The party opposing a motion for summary judgment cannot defeat the motion . . . by the bare contention that an issue of fact exists, but must show that evidence is available."); *Schmidt v. St. Joseph's Hosp.*, 105 N.M. 681, 683, 736 P.2d 135, 137 (Ct. App. 1987) (stating that "a general allegation without an attempt to show the existence of those factual elements comprising the claim or defense" is insufficient to overcome a motion for summary judgment (internal quotation marks and citation omitted)). Kruskal has failed to proffer any argument as to how the issues above present a *material* dispute of fact warranting a trial on the merits, and he has failed to present any evidence in support of the general arguments he has made. Our rules of appellate briefing are clear: "[A]n argument which, with respect to each issue

7

presented, shall contain . . . the contentions of the appellant . . . with citations to authorities, record proper, transcript of proceedings or exhibits relied on. . . . The argument shall set forth a specific attack on any finding, or such finding shall be deemed conclusive." Rule 12-213(A)(4) NMRA; *Truong v. Allstate Ins. Co.*, 2008-NMCA-051, ¶ 7, 143 N.M. 831, 182 P.3d 814, *rev'd on other grounds*, 2010-NMSC-009, 147 N.M. 583, 227 P.3d 73.

To the extent that Kruskal claims that the district court erred in granting partial summary judgment in favor of the Meltzers because it made "implicit findings of fact as to the intent of the parties," we are not persuaded. Kruskal appears to argue that the district court impliedly made findings of fact and conclusions of law, including that no ambiguity existed in the contract, that Kruskal acted in bad faith, and that the ultimate delivery of the release of mortgage into escrow was insufficient. However, Kruskal points to no place in the record where the district court made findings of fact on the summary judgment motion. It is not the responsibility of this Court to comb the record to either understand or find support for an appellant's contentions. *Murken v. Solv-Ex Corp.*, 2005-NMCA-137, ¶ 14, 138 N.M. 653, 124 P.3d 1192; *In re Estate of Heeter*, 113 N.M. 691, 694, 831 P.2d 990, 993 (Ct. App. 1992). To the extent that Kruskal does refer to the record in support of his argument, those record cites do not reflect the district court's ruling on the summary judgment motion. Rather, they refer

to the court's findings of fact and conclusions of law entered after the bench trial on the remaining issues in the case. As we have said, we do not consider those findings in the context of the summary judgment motion. Because Kruskal has not demonstrated on appeal that there existed a genuine issue of material fact requiring trial on the issue of liability, we affirm the district court's grant of partial summary judgment in favor of the Meltzers.

**Mitigation of Damages**

The issue that we next address is whether substantial evidence exists to support certain findings and conclusions made by the district court concerning mitigation of damages. We note that Kruskal does not challenge the amount of damages awarded but argues only that the district court erred in finding that the Meltzers mitigated their damages. In accordance with our standard of review, the judgment of the district court will not be disturbed on appeal if the findings of fact entered by the court are supported by substantial evidence, are not clearly erroneous, and are sufficient to support the judgment. *See Mascarenas v. Jaramillo*, 111 N.M. 410, 412, 806 P.2d 59, 61 (1991) (stating that it is the appellate court's duty to interpret the district court's findings to determine whether they are sufficient to support the judgment). When considering a claim of insufficient evidence, we resolve "all disputes of facts in favor of the successful party and indulge[] all reasonable inferences in support of the

prevailing party." *Las Cruces Prof'l Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177.

Kruskal challenges the district court's conclusion that the Meltzers attempted to mitigate their damages. Specifically, he challenges the district court's finding that

> [t]he [Meltzers] acted reasonably to mitigate their damages. The [Meltzers] took affirmative steps to (1) attempt to keep the Higdon deal open while they cleared up this cloud on their title; (2) remove the cloud as soon as could be done; (3) keep the property maintained, insured, and cleaned; (4) list the property with a new broker as soon as this lien was released; (5) physically improve the property at their cost; and, (6) enter into a new sale contract and close within a few months of removing this cloud on the title.

"It is a well established principle in New Mexico that an injured party has a responsibility to mitigate its damages, or run the risk that any award of damages will be offset by the amount attributable to its own conduct." *Air Ruidoso, Ltd. v. Exec. Aviation Ctr., Inc.*, 1996-NMSC-042, ¶ 14, 122 N.M. 71, 920 P.2d 1025. "[M]itigation is designed to discourage persons . . . from passively suffering economic loss which could [have been] averted by reasonable efforts[.]" *Hickey v. Griggs*, 106 N.M. 27, 30, 738 P.2d 899, 902 (1987). Here, the district court concluded that the Meltzers reasonably mitigated their damages by attempting to timely remove the cloud on the title, by keeping the property insured and maintained, by listing the property as soon as the lien was released, by improving the property, and by entering a new sale contract within months of removing the cloud on the title. We will uphold the

10

district court's award of damages if its determination that these were reasonable mitigation measures is supported by substantial evidence. *See Chavarria v. Fleetwood Retail Corp.*, 2006-NMSC-046, ¶ 12, 140 N.M. 478, 143 P.3d 717.

As a preliminary matter, we note that Kruskal has failed to provide a summary of the proceedings supporting the district court's determination that the Meltzers acted reasonably to mitigate their damages. *See* Rule 12-213(A)(3) (stating an appellant's contention that a "finding of fact is not supported by substantial evidence shall be deemed waived unless the summary of proceedings includes the substance of the evidence bearing upon the proposition"). Instead, Kruskal puts forth his own counter argument and states that the district court's finding that the Meltzers attempted to remove the cloud as soon as possible "misses the mark when there were other possibilities, far cheaper, far easier, [and] just as available." In addition, he contends—without citation—that "[a]lthough an owner of property is not obliged to maintain an in-force liability policy, it is very common to do so" and that maintenance, insurance, and improvement of the property was irrelevant to the theory of damages. Finally, with regard to the district court's finding that the Meltzers attempted to enter into a new sale contract as soon as possible after removing the cloud on the title, Kruskal argues—again without citation—that the Meltzers may have misrepresented the marketable uses for the home, they may have breached the

contract first, Kruskal may have been excused from issuing a release of mortgage, and that the Meltzers "undertook a course of action intended to enhance their return on the sale." Kruskal fails to specifically challenge any of the district court's findings regarding mitigation and simply urges this Court to consider his alternative view of the evidence. We decline to do so. As we have said repeatedly, "[t]he question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached." *Las Cruces Prof'l Fire Fighters*, 1997-NMCA-044, ¶ 12. And "we will not reweigh the evidence nor substitute our judgment for that of the fact finder." *Id.* Without a showing to the contrary, we conclude that substantial evidence supports each of the district court's findings concerning mitigation.

**Conflict of Interest**

Kruskal argues that this Court should determine that the judgment entered in this case is void or voidable because an actual conflict of interest exists on the part of the Meltzers' counsel. He contends that the issue was raised in the district court "both inferentially, insofar as exhibits relating to the prior representation were introduced as exhibits in the matter," and in his post-judgment motion for reconsideration. We disagree. First, to the extent Kruskal argues that he raised the issue "inferentially," we conclude that he did not preserve the issue of disqualification for appeal. "To

12

preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." *Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct. App. 1987). Kruskal does not indicate in his brief in chief where this issue was raised below prior to the entry of judgment, and his reply brief does not address or dispute the Meltzers' contention that the issue was not preserved. Moreover, we have reviewed the record and find no argument by Kruskal during the pendency of the case seeking to disqualify the Meltzers' counsel.

Further, we need not address Kruskal's disqualification argument that was raised in his motion to reconsider because that motion was untimely filed in the district court. Our Supreme Court has clearly limited the ability of a district court to act in a case before it after a notice of appeal is filed. In *Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 241, 824 P.2d 1033, 1043 (1992), the Court stated the general rule that a district court "loses jurisdiction of the case upon the filing of the notice of appeal, except for the purposes of perfecting such appeal, or of passing upon a motion directed to the judgment pending at the time." *Id.* (internal quotation marks and citation omitted). In short, *Kelly Inn* provides that the district court cannot act on a motion filed after a notice of appeal except to perfect the appeal or rule on a matter collateral to the judgment or order on appeal. *Id.* at 244, 824 P.2d at 1046.

13

The district court entered judgment in this case on February 9, 2010. Kruskal filed his notice of appeal on March 4, 2010. The next day, March 5, 2010, Kruskal filed a motion to reconsider the grant of summary judgment and entry of judgment and filed a supplemental exhibit relating to the disqualification matter on March 9, 2010. The district court denied the motion on the basis that it lacked jurisdiction to reconsider the judgment because a notice of appeal had already been filed. We conclude that the district court properly found that the pending appeal divested it of jurisdiction to take further action because any action on the motion to reconsider would affect the judgment on appeal. Kruskal does not challenge the basis of the district court's denial of the motion to reconsider nor does he address the preservation issue in his reply brief. The issue concerning disqualification of the Meltzers' counsel was never properly before the district court and, as a result, we do not reach it here. *See In re Doe*, 98 N.M. 540, 541, 650 P.2d 824, 825 (1982) (stating that an appellate court should not reach issues that the parties have failed to raise).

**Attorney Fees**

Finally, we address Kruskal's argument that the district court erred in awarding attorney fees to the Meltzers. Kruskal does not attack the award of attorney fees as unreasonable in amount, and his objection on appeal focuses on whether it was appropriate to award any attorney fees to the Meltzers. Kruskal contends that this

issue was presented to the district court on the various summary judgment motions and ultimately disposed of at the May 5, 2009 hearing. He also states that the issue of attorney fees "was referenced at the conclusion of the May 14, 2009 hearing, but not in the context of evidence or support for any finding" and that it was reargued in the motion to reconsider. We disagree that Kruskal properly preserved the issue for review. Kruskal's version of the procedural history concerning the attorney fee issue is neither complete nor entirely accurate, and we take the opportunity here to clarify the proceedings below.

As Kruskal correctly notes, the Meltzers argued in their summary judgment motion that they were entitled to recover their attorney fees both pursuant to the escrow agreement and under NMSA 1978, Section 48-7-24 (1983). Contrary to Kruskal's assertion, however, his response to the motion for summary judgment claimed only that Section 48-7-24 had no application to the lawsuit. He did not respond to the issue of attorney fees raised in the Meltzers' motion. Further, the district court did not "ultimately dispose" of the issue at the May 5, 2009 hearing. Instead, the court made clear that the issue of damages, including attorney fees, would be determined at trial.

At the beginning of the trial on May 14, 2009, the Meltzers' counsel argued that the Meltzers were seeking attorney fees both under the contract and the statute.

15

Again, Kruskal did not object to this request or address the argument in any manner. Nor did he object when the district court, at the close of the trial, found that the Meltzers had suffered damages and instructed counsel to submit an affidavit of attorney fees. On June 12, 2009, the Meltzers filed their proposed findings of fact and conclusions of law. The proposed findings and conclusions specifically stated that the Meltzers were entitled to recover attorney fees based on both the escrow agreement and the statute. In addition, the Meltzers provided detailed argument, a fee affidavit, and numerous invoices in support of their proposed conclusion. Four days later, on June 16, 2009, Kruskal filed his requested findings of fact and conclusions of law. This time, Kruskal not only failed to object to the Meltzer's detailed request for fees, but he proposed the following finding of fact:

> [Kruskal] does not contest that attorney fees and costs have been expended by the [Meltzers]. The reasonableness of those fees is best left to the sound discretion of the [district c]ourt.

Ultimately, the district court awarded the Meltzers the full amount of attorney fees they requested. The record shows that Kruskal had numerous chances to respond to the propriety of awarding attorney fees throughout the course of the litigation, yet he did not oppose or object to the Meltzers' requests or the award of fees until he filed his untimely motion to reconsider on March 5, 2010. As we have discussed above, Kruskal's motion to reconsider was filed after his notice of appeal thereby divesting

16

the district court of jurisdiction to take further action in this case. For the above reasons, we hold that the issue of whether attorney fees should have been awarded to the Meltzers has not been preserved. *See State v. Wyman*, 2008-NMCA-113, ¶ 10, 144 N.M. 701, 191 P.3d 559; *Woolwine*, 106 N.M. at 496, 745 P.2d at 721. We will not address issues that were not preserved and are now raised for the first time on appeal. *State v. Ware*, 118 N.M. 703, 705, 884 P.2d 1182, 1184 (Ct. App. 1994).

**CONCLUSION**

We affirm the district court on all of the issues raised in this appeal.

**IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Judge**


**WE CONCUR:**


_____
**CYNTHIA A. FRY, Judge**


_____
**RODERICK T. KENNEDY, Judge**