This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41083

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**GILBERT TOM ROGER II,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** This matter was submitted to this Court on Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that the case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals the district court's decision, following his probation violation and revocation, to require that Defendant serve the full ten months remaining in his sentence without the opportunity to earn good time credit. [BIC 1] "We review [the district] court's decision to revoke probation under an abuse of discretion standard." *State v. Green*, 2015-NMCA-007, ¶ 22, 341 P.3d 10 (internal quotation marks and citation omitted). "[A district] court abuses its discretion when it exercises its discretion based on a misunderstanding of the law." *State v. Vigil*, 2014-NMCA-096, ¶ 20, 336 P.3d 380.

**{3}** In this case, Defendant admitted to the allegation in the State's petition that he violated his probation by failing to report to his probation officer. [BIC 1] As a result, the district court revoked his probation, imposed a ten-month sentence to the San Juan County Detention Center without eligibility to accrue good time credit, and unsatisfactorily discharged him from probation upon completion of the sentence. [BIC 1; RP 157-158] Defendant concedes that his sentence is legal under the statue. [BIC 4] *See* NMSA 1978, § 31-21-15(B) (2016) (authorizing the district court to require that the probationer serve the balance of the sentence originally imposed). Defendant nonetheless asserts that the district court abused its discretion by denying him the ability to accrue good time credit while incarcerated because the accrual of good time credit is conditioned on "the approval of the committing judge or presiding judge" under NMSA 1978, Section 33-3-9(A) (1995). [BIC 4-5]

**{4}** In *State v. Wyman*, 2008-NMCA-113, ¶ 1, 144 N.M. 701, 191 P.3d 559, this Court explicitly held, contrary to Defendant's argument, that "[Section] 33-3-9 . . . does not require a sentencing judge to grant a convicted person the opportunity to earn good time credits while in jail." Defendant has not provided any argument or explanation as to why the analysis in *Wyman* should not apply in this case. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the appellant to clearly demonstrate that the district court erred). Because *Wyman* controls our analysis here, we conclude Defendant has failed to demonstrate error and affirm. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the district court, and the party claiming error bears the burden of showing such error).

**{5}     IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**GERALD E. BACA, Judge**