**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 22 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50058 |
| Plaintiff-Appellee, | D.C. No. 3:20-cr-02500-LAB-1 |
| v. | |
| PERRY EDWARD DAVIS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted November 15, 2023
Pasadena, California

Before: PARKER,[**] BYBEE, and LEE, Circuit Judges.

Defendant-Appellant Perry Davis was convicted after a two-day jury trial

(during which 16 witnesses were called) of having sold $60 worth of fentanyl-

---

[*] This draft in not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

tainted cocaine to Joseph Chambers, who subsequently died of an overdose. The district court imposed a twenty-year sentence, the mandatory minimum prescribed by 21 U.S.C. § 841(b)(1)(C) for distribution of fentanyl resulting in death.

The dispositive issues on appeal involve two evidentiary rulings made at trial. First, Davis contends that the district court improperly admitted hearsay text messages from Chambers to Davis as party admissions under Federal Rule of Evidence 801(d)(2)(a) even though Chambers was not a party. Second, he contends that the district court committed an error of law by admitting into evidence, over Davis's objection under Rule 403, a surveillance video showing Chambers collapsing and dying—without having first looked at the video. Davis argues that both errors were not harmless and were sufficiently prejudicial to warrant a new trial. We reverse and remand for a new trial.

1. We review the district court's construction of the hearsay rule de novo and its decision to exclude evidence under the hearsay rule for an abuse of discretion. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 778 (9th Cir. 2002).

The district court abused its discretion in admitting Chambers's text messages to Davis. The district court admitted them under Rule 801(d)(2)(a) as non-hearsay party-opponent statements, but that rule applies only to parties. Chambers was not a party; he was the victim.

2

The Government does not defend the district court's reasoning in admitting the text messages. Instead, it asks us to affirm on two alternative theories not articulated below. The first is that Chambers's texts were admissible under Rule 804(b)(3) as statements against his penal interests. To qualify for this exception, "the declarant's statements must, *in a real and tangible way*, subject him to criminal liability." *United States v. Hoyos*, 573 F.2d 1111, 1115 (9th Cir. 1978) (emphasis added). The second is that the texts were non-hearsay because they could have been offered not for their truth but rather to provide "context" for Davis's texts.

As to the first, only two of the twenty-seven messages between Chambers and Davis that the district court admitted even arguably related to illegal activity, and neither did so "in a real and tangible way." Both are from December 4, 2019. In the first, Chambers asks "Hey what's up with that G spot," an apparent reference to a gram of cocaine. Later that day Chambers asked, "Did u get a price?" which in context could be considered drug related. The remainder of Chambers's text messages were not admissible under Rule 804(b)(3), as they were purely logistical such as "Leaving now…20 min away" and "On my way to channel 2."

The Government's alternative ground for admitting the text messages is that they were offered "only for context, not for 'the truth of the matter asserted.'" *United States v. Barragan*, 871 F.3d 689, 705 (9th Cir. 2017) (citing *United States v. Valerio*, 441 F.3d 837, 844 (9th Cir. 2006)). This argument founders for three reasons. First, the Federal Rules of Evidence provide no free-floating "context" exception to its hearsay rules. Second, if the texts were offered for "context," then the district court failed to give a limiting instruction to advise the jury that the texts were not offered for the truth of what they contained. *See Barragan*, 871 F.3d at 705; *Valerio*, 441 F.3d at 844. Third, and most importantly, the Government in fact offered the text messages as substantive evidence linking Davis to the drugs sold to Chambers and to the parking lot where Chambers died. The Government drove this point home in its closing argument where it contended that the text messages showed "there's not simply two friends partying together, sharing cocaine together. This is a dealer and a customer. He's negotiating with him." The prosecution further instructed the jury to "study these communications" between Chambers and Davis and described them in detail. The text messages from Chambers were, as the Government argued to the jury, central to its case, undermining its claim that any error in admitting the messages was harmless. *See Est. of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 465 (9th Cir. 2014) (observing

4

that prejudice is "at its apex when the district court erroneously admits evidence that is critical to the proponent's case"), *overruled on other grounds by United States v. Bacon*, 979 F.3d 766 (9th Cir. 2020).

Thus, we conclude it was error to admit the text messages and that the error was not harmless. For these reasons, we remand for retrial. We offer no views on the text messages' admissibility under any other rule or exception.

2. We review a district court's evidentiary rulings during trial for abuse of discretion. *United States v. Hankey*, 203 F.3d 1160, 1166 (9th Cir. 2000).

The video at issue, taken by a surveillance camera in a parking lot, lasts about a minute and shows Chambers weaving, stumbling, collapsing to the ground, and dying a short while later. Davis argued below that the video had little or no probative value because no meaningful dispute existed about the fact that Chambers died, where he died, or that he died of a drug overdose after using tainted drugs. He contended that a video of a death in real time is unsettling, emotional and inherently inflammatory. The Government argued that it was obligated to prove that the drug that killed Chambers was fentanyl, as opposed to some other controlled substance, which Davis contested, and that the video would assist the jury in determining whether fentanyl—as opposed to cocaine, cocaethylene, or some other drug—caused Chambers's death.

5

The record before us indicates that the district court did not watch any of the footage before it overruled Davis's Rule 403 objection, admitted the video into evidence, and allowed the jury to watch it. This Court has made clear that a district judge "cannot evaluate in a Rule 403 context what one has not seen nor read." *United States v. Curtin*, 489 F.3d 935, 958 (9th Cir. 2007) (en banc). And we have held "as a matter of law" that a district court "does not properly exercise its balancing discretion under Rule 403 when it fails to place on the scales and personally example and evaluate *all* that it must weigh." *Id.* at 958 (emphasis added).

For these reasons, it was error for the district court not to review the video before admitting it. Because we are reversing and remanding for a new trial due to the erroneously admitted text messages, we need not address the Government's argument that the *Curtin* error was harmless. Having now seen the video, the district court can make a proper 403 ruling at the new trial.

3. Finally, Davis contends that the district court erred in refusing to instruct the jury that § 841(b)(1)(c), under which he was convicted, required proof that he knew that the substance he distributed was fentanyl as opposed to any controlled substance. We review the district court's formulation of jury instructions for an abuse of discretion, and we review de novo whether the instructions misstated or

6

omitted an element of the charged offense. *United States v. Hofus*, 598 F.3d 1171, 1174 (9th Cir. 2010) (citations omitted). Davis's argument is foreclosed by our opinion in *United States v. Collazo*, 984 F.3d 1308, 1328–29 (9th Cir. 2021) (en banc), where we interpreted § 841(b)(1)(A)-(B) as requiring the Government to prove that the defendant knowingly distributed a controlled substance, not that the defendant knew the precise type and quantity of the substance resulting in death.

For these reasons, we **VACATE** the judgment below and **REMAND** for a new trial.